STATE OF NORTH CAROLINA v. CHARLES WESLEY WILLIAMSON

No. 8227SC1005

(Filed 5 April 1983)

**1. Judgments § 1; Criminal Law § 143— probation revocation—conflict between order and judgment**

    When there is a conflict between the language or interpretation of an order and a judgment on the same subject matter, the judgment shall control. Therefore, where there were discrepancies between a probation revocation order and judgment, the judgment controlled.

**2. Criminal Law § 143.5— probation revocation—burden of proof**

    The burden of proof in a probation revocation hearing is that the trial judge must be reasonably satisfied from the evidence and in his sound discretion that defendant had violated, without lawful excuse, a valid condition upon which the sentence was suspended, and the findings of fact by the trial judge must show that he exercised his discretion to that effect.

**3. Criminal Law § 143.7— probation revocation—failure to make restitution payments—ability to pay**

    Where the trial judge in a probation revocation hearing heard lengthy testimony concerning defendant's inability to find employment and his medical and mental problems and, upon the basis of the evidence presented, found as a fact that defendant had violated the conditions of his probation without lawful excuse by failing to make restitution payments required as a condition of his probation, the trial judge did not abuse his discretion in failing to state in his findings that he had considered and evaluated defendant's evidence of inability to make the required payments and found it insufficient to justify breach of the probation condition.

APPEAL by defendant from *Helms, Judge.* Judgment entered 17 May 1982 in Superior Court, LINCOLN County. Heard in the Court of Appeals 15 March 1983.

On 1 April 1981 defendant pleaded guilty to assault with a deadly weapon with intent to kill, three counts of assault on an officer, two counts of injury to personal property and two counts of assault. He was sentenced to a term of imprisonment of not less than nor more than six years. Sentence was suspended, and defendant was placed on probation for five years. He was allowed to return to his residence in New York on supervised probation.

On 17 May 1982 a hearing was held before Judge William H. Helms after defendant's probation officer had filed a report alleging that defendant was in willful violation of his probationary

judgment. The report stated that defendant was $300 in arrears in his restitution payments, which he had been ordered to pay as a condition of probationary judgment. Defendant presented evidence at the hearing tending to show that he had been unable to find employment in New York other than some part-time work. He was hampered in his job search by the severe eye injury which occurred during the assault for which he was convicted. He estimated that in the last year and a half he had earned about $1,000. Defense counsel submitted a psychiatric report prepared at Dorothea Dix Hospital which indicated that defendant suffered from a thought disorder demonstrated by paranoid and grandiose thoughts. Defendant appeals from the judgment revoking the suspended sentence and ordering him imprisoned.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Frank P. Graham for the State.*

*Appellate Defender Adam Stein by Assistant Appellate Defender Nora B. Henry for defendant appellant.*

BRASWELL, Judge.

Defendant's sole question presented for review is whether the court erred in its findings of fact by failing to show that defendant's evidence of lawful excuse was considered and evaluated.

[1] Some confusion arises from the fact that there are two separate documents — an order and a judgment — which revoke defendant's probation. Discrepancies, although mostly minor ones, exist in these documents. The major difference is that while the judgment contains the phrase, "From evidence presented, the Court finds . . .", this language is missing from the order. In his brief, defendant attacks the legal sufficiency of the order and not the judgment, although an exception is taken to entry of both documents. "An order is distinguishable from a judgment. [A]n order has been defined . . . as being every direction of a court or judge made in writing and not included in a judgment." 46 Am. Jur. 2d *Judgments* § 3 at p. 315 (1969). A judgment is "a final determination of the rights of the parties in an action." *Id.* at § 1, p. 314. We hold, therefore, that when there is a conflict between the language or interpretation of an order and a judgment on the same subject matter, the judgment shall control. It appears to be

the usual practice in probation revocation proceedings to issue both an order and a judgment revoking probation. Since this practice seems to serve no legal or administrative purpose[1] but can create some confusion when discrepancies exist, we believe that it would be appropriate for the Division of Adult Probation and Parole and the Administrative Office of the Courts to eliminate the use of a separate order in the probation revocation process.

The findings of fact in the judgment read as follows:

> "*From evidence presented,* the Court finds as fact that within the specified period of suspension, the defendant wilfully and without lawful excuse violated the terms and condition of his probation in that: the defendant was ordered to pay the cost, fine and attorney fees into the Office of the Clerk of Superior Court at a rate of $30.00 monthly. As of this date, the defendant has failed to make a payment leaving the court debt in arrears the sum of $300.00. His failure to pay the court debt is a violation of special conditions." (Emphasis added.)

Defendant submits that the findings do not clearly show that defendant's evidence of lawful excuse was considered and evaluated, as required by *State v. Smith,* 43 N.C. App. 727, 259 S.E. 2d 805 (1979), and *State v. Young,* 21 N.C. App. 316, 204 S.E. 2d 185 (1974).

The minimum requirements of due process in a final probation revocation hearing in the Trial Division of the General Court of Justice shall include these procedures:

(1) a written notice of the conditions allegedly violated;

(2) a court hearing on the violation(s) including:

    (a) a disclosure of the evidence against him, or,

    (b) a waiver of the presentation of the State's evidence by an in-court admission of the willful or without lawful excuse violation as contained in the written notice (or report) of violation,

---

1. The only statutory reference to an "order" occurs in G.S. 15A-1344(c). In application, such an "order" is limited to the occasion when the probation case is heard "outside the county where the judgment was entered." Then "the clerk must send a copy of the order . . . to the court where probation was originally imposed."

   (c) an opportunity to be heard in person and to present witnesses and evidence,

   (d) the right to cross-examine adverse witnesses;

  (3) a written judgment by the judge which shall contain

   (a) findings of fact as to the evidence relied on,

   (b) reasons for revoking probation.

*See Gagnon v. Scarpelli,* 411 U.S. 778, 786, 36 L.Ed. 2d 656, 664, 93 S.Ct. 1756, 1761-62 (1973); *State v. Hewett,* 270 N.C. 348, 353, 154 S.E. 2d 476, 479-80 (1967).

The first step in the decision process is for the trial judge to resolve the factual question of whether the probationer has in fact violated one or more conditions of his probation. If so, a second question for the trial judge is whether probation should be revoked and the suspended sentence activated, or whether other steps should be taken to protect society and improve chances of rehabilitation, such as, continuation of probation or modification of conditions of probation. *See Morrissey v. Brewer,* 408 U.S. 471, 479-80, 33 L.Ed. 2d 484, 493, 92 S.Ct. 2593, 2599 (1972), cited in *Gagnon v. Scarpelli, supra,* at 784, 36 L.Ed. 2d at 663, 93 S.Ct. at 1760-61.

**[2]** Revocation hearings are often regarded as informal proceedings, and the Court is not bound by strict rules of evidence. The alleged violation of probation need not be proved beyond a reasonable doubt. *State v. Hewett, supra.* The burden of proof in a probation revocation hearing is that the trial judge must be reasonably satisfied from the evidence and in his sound discretion that the defendant has violated, without lawful excuse a valid condition upon which the sentence was suspended. The findings of fact by the judge must show he exercised his discretion to that effect. *State v. Robinson,* 248 N.C. 282, 287, 103 S.E. 2d 376, 380 (1958).

In the violation hearing the defendant should offer evidence of his inability to pay money according to the terms of the judgment. If he offers no such evidence, then the evidence which establishes that defendant has failed to make payments as required by the terms of the judgment is sufficient within itself to justify a finding by the judge that defendant's failure to comply was without lawful excuse. *State v. Young, supra.*

The trial judge has a duty, when the defendant does offer evidence of his ability or inability to make the money payments required, to make findings of fact which clearly show that he did consider and did evaluate the defendant's evidence. *State v. Smith, supra.* "The trial judge, as the finder of the facts, is not required to accept defendant's evidence as true." *State v. Young, supra* at 321, 204 S.E. 2d at 188.

[3] Judge Helms heard lengthy testimony and received evidence concerning defendant's inability to find employment and his medical and mental problems. Based upon the evidence presented, he found as a fact that defendant had violated the conditions of his probation without lawful excuse. Although the Judge could have been more explicit in the findings by stating that he had considered and evaluated defendant's evidence of inability to make the required payments and found it insufficient to justify breach of the probation condition, we hold that his failure to do so does not constitute an abuse of discretion. It would not be reasonable to require that a judge make specific findings of fact on each of defendant's allegations tending to justify his breach of conditions. The breach of any one condition is sufficient grounds to revoke probation. *State v. Seay,* 59 N.C. App. 667, 298 S.E. 2d 53 (1982). The evidence here showed that defendant violated the condition requiring the restitution payments.

The judgment revoking probation and activating the suspended sentence is affirmed.

Judges HEDRICK and WHICHARD concur.