STATE OF NORTH CAROLINA v. JOHNNIE LEE JONES

No. 8523SC733

(Filed 17 December 1985)

1. **Criminal Law § 143.10— revocation of probation—failure to make required payments—sufficiency of evidence**

    The trial court's finding as a fact "[f]rom evidence presented" that while on probation defendant "willfully and without lawful excuse violated the terms and conditions of the Probation Judgment" by failing to make the required payments was sufficient to show that the trial court considered and evaluated defendant's evidence, which consisted only of defendant's unsworn statement that, "I've just been out of work."

2. **Criminal Law § 143.12— revocation of probation—punishment other than imprisonment—consideration of alternatives not required**

    Where the trial court inquired of defendant his reasons for nonpayment of funds required by his probationary judgment and found from the evidence presented that defendant's failure to pay was willful and without lawful excuse, the court was not required to consider alternate means of punishment other than imprisonment.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 17 September 1984 in Superior Court, WILKES County. Heard in the Court of Appeals 7 November 1985.

*Attorney General Lacy H. Thornburg by Associate Attorney Kathryn L. Jones for the State.*

*Dennis R. Joyce for the defendant appellant.*

COZORT, Judge.

On 18 November 1981 in the Superior Court of Carteret County, defendant pled guilty to felonious breaking or entering and felonious larceny, and he was sentenced to not less than five years nor more than seven years. The sentence of imprisonment was suspended and the defendant was placed on probation for a period of five years with certain standard conditions, plus the condition that defendant pay $76.00 in court costs and restitution in the amount of $1,700.00. Defendant was to pay the court costs and $30.00 on or before 23 November 1981 and $30.00 a month beginning on 5 December 1981 until paid in full. At the 10 October 1983 term of Carteret County Superior Court, however, defendant's probation was modified to require him to pay $300.00 on or before

1 November 1983 and to make $30.00 monthly payments beginning on 5 November 1983.

On 13 September 1984 defendant's probation officer submitted to the court a verified Violation Report. The report stated that defendant had violated the modified terms of probation in that "[f]rom November 5, 1983 until September 5, 1984, the defendant should have paid $330.00, but . . . he has paid only $90.00 and is currently $240.00 in arrears of his payments."

Defendant's probation violation hearing was held before Judge Rousseau at the 17 September 1984 Criminal Session of Wilkes County Superior Court. Defendant waived his right to counsel in open court and signed a written waiver of right to assigned counsel.

At the revocation hearing the probation officer placed the Probation Judgment before the trial court and then summarized the contents of the verified Violation Report. The court inquired into the time of defendant's transfer to the Wilkes County probation officer and the reasons for defendant's move from Carteret County to Wilkes County. Then the following exchange took place:

> COURT: Well, do you want to testify about your failure to pay this money?
>
> MR. JONES: I've just been out of work, sir. If I just had some time to catch up the payments.
>
> COURT: Anything else?
>
> MR. JONES: No, sir.
>
> COURT: The Court finds that he willfully violated the terms of his probation and Orders the sentence into execution.

A written Order Revoking Probation and a Judgment and Commitment Upon Revocation of Suspension of Sentence [hereinafter "Judgment and Commitment"] were entered on 17 September 1984.

Defendant's only exception is to the statement by the trial court at the probation revocation hearing that "[t]he Court finds that he willfully violated the terms of his probation and Orders

the sentence into execution." Defendant has taken no exception to the entry of the Order Revoking Probation and the Judgment and Commitment.

Defendant contends that the trial court erred "in revoking defendant's probation for failure to timely pay the imposed fine and restitution when there was no evidence that the probationer was at fault in his failure to pay or that alternate means of punishment were inadequate." In support of this contention defendant argues that the trial court failed to make findings of fact which show that it (1) considered and evaluated defendant's evidence of his inability to pay and (2) considered alternate measures of punishment other than imprisonment. For the reasons stated below, we affirm.

[1]   In a probation revocation proceeding based upon defendant's failure to pay a fine or restitution which was a condition of his probation the burden is upon the defendant to "offer evidence of his inability to pay money according to the terms of the [probationary] judgment." *State v. Williamson*, 61 N.C. App. 531, 534, 301 S.E. 2d 423, 426 (1983); *see also* G.S. 15A-1345(e) and 15A-1364(b). Here the only conceivable evidence offered by the defendant as to his inability to pay is his unsworn statement to the trial court that "I've just been out of work, sir." If defendant fails to offer evidence of his inability to pay money in accordance with the terms of the probationary judgment, "then the evidence which establishes that defendant has failed to make payments as required by the terms of the judgment is sufficient within itself to justify a finding by the judge that defendant's failure to comply was without lawful excuse." *Id.* When a defendant does put on evidence of his inability to pay, however, he is entitled to have his evidence considered and evaluated by the trial court, *State v. Smith*, 43 N.C. App. 727, 732, 259 S.E. 2d 805, 808 (1979), and the "trial judge has a duty . . . to make findings of fact which clearly show that he did consider and did evaluate the defendant's evidence." *State v. Williamson*, 61 N.C. App. 531, 535, 301 S.E. 2d 423, 426 (1983).

In this case, considering the 17 September 1984 Order Revoking Probation and the Judgment and Commitment together, the trial court found as a fact "[f]rom evidence presented" that while on probation defendant "willfully and without lawful excuse

violated the terms and conditions of the Probation Judgment" by failing to make the payments as required. Assuming without deciding, that defendant's unsworn statement to the trial court that "I've just been out of work" constituted presenting evidence of his inability to pay, the trial court's finding "[f]rom evidence presented" was sufficient to show that the trial court considered and evaluated defendant's evidence. *See State v. Williamson,* 61 N.C. App. 531, 301 S.E. 2d 423 (1983). Thus, unlike in *State v. Young,* 21 N.C. App. 316, 321, 204 S.E. 2d 185, 188 (1974), it is clear that the trial court did *not* proceed "under an erroneous assumption that the fact of failure to comply required revocation of probation" and that the trial court "considered defendant's evidence and found that defendant had offered no evidence worthy of belief to justify a finding of a legal excuse for failure to comply with the judgment."

[2] As to defendant's second point, due process does not *generally* require a sentencing court to indicate that it has considered alternatives to incarceration before revoking probation. *Black v. Romano,* 471 U.S. ---, 85 L.Ed. 2d 636, 105 S.Ct. --- (1985). Here the trial court was not required to consider alternate means of punishment other than incarceration. While under *Bearden v. Georgia,* 461 U.S. 660, 76 L.Ed. 2d 221, 103 S.Ct. 2064 (1983), the trial court must inquire into the reasons for the defendant's failure to pay, it is not required to consider alternate means of punishment other than imprisonment unless and until it finds that the "probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so." 461 U.S. at 672, 76 L.Ed. 2d at 233, 103 S.Ct. at 2073. Here the trial court inquired of the defendant his reasons for nonpayment and found from the evidence presented that defendant's failure to pay was "willfully and without lawful excuse." Thus, contrary to what defendant suggests, the trial court was not required to consider alternate means of punishment other than imprisonment.

Affirmed.

Judges ARNOLD and MARTIN concur.