STATE OF NORTH CAROLINA
v.
STAN ARTHUR SNEED.
No. COA09-367.
Court of Appeals of North Carolina.
Filed October 20, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Juanita Twyford, for the State.
Ryan McKaig for defendant-appellant.
WYNN, Judge.
To revoke a defendant's probation, a trial court must find evidence sufficient to support a conclusion that the defendant violated a valid condition of probation without lawful excuse.[1] Because the record shows sufficient evidence to find that Defendant Stan Arthur Sneed violated multiple conditions of his probation, we affirm.
On 10 April 2008, Defendant pled guilty to the sale and delivery of cocaine. The trial court sentenced Defendant to sixteen to twenty months imprisonment, suspended his sentence, and then placed him on supervised probation for thirty-six months.
On 27 June 2008, Defendant's probation officer filed a violation report, alleging Defendant violated probation by failing to complete community service; report to the probation office; comply with his curfew; make court-ordered payments; remain current in probation supervision fees; report to a treatment program; and notify his probation officer of his current address. At Defendant's probation revocation hearing, the trial court found that Defendant had committed all of the violations willfully and without lawful excuse. Thereafter, the trial court revoked his probation and activated his original sentence of sixteen to twenty months imprisonment.
On appeal, Defendant argues the trial court erred by (I) revoking his probation because there was insufficient evidence to support the conclusion that his violations were willful and without lawful excuse, and (II) failing to make findings of fact regarding his lawful excuse defense and his ability to comply with the conditions of probation.[2]

I.
First, Defendant argues that there was insufficient evidence to show that his violations of the terms and conditions of probation were willful. A trial court's findings of fact in an order revoking probation must be supported by competent evidence, and will not be disturbed on appeal absent a "manifest abuse of discretion." State v. Sherrod, 191 N.C. App. 776, 778, 663 S.E.2d 470, 472 (2008). "All that is required in a [probation revocation] hearing . . . is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation[.]" State v. Hewett, 270 N.C. 348, 353, 154 S.E.2d 476, 480 (1967). "The breach of any single valid condition upon which the sentence was suspended will support an order activating the sentence." State v. Braswell, 283 N.C. 332, 337, 196 S.E.2d 185, 188 (1973). Further, once sufficient evidence of the defendant's failure to comply with a term or condition of probation is established, the burden shifts to the defendant to show lawful excuse or lack of willfulness. State v. Crouch, 74 N.C. App. 565, 567, 328 S.E.2d 833, 835 (1985).
Here, the State offered as evidence of Defendant's willful non-compliance his probation officer's verified report detailing the seven probation conditions violated by Defendant: (1) failing to fulfill a community service requirement; (2) failing to report to the probation office on 5 May and 2 June 2008; (3) failing to comply with curfew on 29 April, 14 May, 18 May, 21 May, 27 May, 6 June, 9 June, 11 June, and 12 June 2008; (4) failing to make court-ordered payments; (5) failing to remain current in his probation supervision fees; (6) failing to report to the Treatment Alternatives to Street Crimes Program as scheduled; and (7) failing to notify his probation officer of his current address. See State v. Duncan, 270 N.C. 241, 247, 154 S.E.2d 53, 58 (1967) (holding a verified report of a probation officer is competent evidence to support a finding that defendant violated a condition of his probation).
Defendant also admitted in open court that he committed many of the violations alleged in the report and alleged that many of the violations were not willful. Indeed, regarding Defendant's failure to complete any community service hours, he testified that he knew he was required to complete community service but that he never called or contacted the coordinator after he was placed on probation on 10 April. Defendant asserted that he "didn't have time to do any." Defendant also admitted that he had failed to make curfew because of his work hours but his probation officer was unable to corroborate this claim.
Next, concerning his failure to notify his probation officer of a change of address, Defendant admitted that he moved to a different address temporarily after being hospitalized. However, he failed to notify his probation officer of the change until after he had been arrested for probation violation. Regarding the missed visits to the probation office and missed curfews during the month of June, Defendant testified that he was in the hospital for the entire month but did not provide any evidence or medical records to corroborate his claim, and never informed his probation officer that he was in the hospital. Finally, regarding his failure to make any monetary payments, Defendant contended he was unable to pay the supervision fees because he had just started a new job but then declared, "The money is no problem . . . I can pay that  every bit of that off today or tomorrow."
Based on Defendant's own testimony, the verified probation report, and the testimony of Defendant's probation officer, we hold that the record shows sufficient evidence to support the trial court's determination that Defendant willfully violated the terms and conditions of his probation.

II.
Defendant next argues that the court erred by failing to make findings of fact regarding his ability to comply with the conditions of probation or his claim of lawful excuse. This Court has held that the failure of a judge to be more explicit in the findings by stating that he had considered and evaluated Defendant's evidence of inability to comply or lawful excuse is not an abuse of discretion as "[i]t would not be reasonable to require that a judge make specific findings of fact on each of defendant's allegations tending to justify his breach of conditions." State v. Williamson, 61 N.C. App. 531, 535, 301 S.E.2d 423, 426 (1983).
Here, the trial court set forth its findings on a preprinted form entitled "Judgment and Commitment Upon Revocation of Probation or Election to Serve Sentence." The trial court found, inter alia, that the violation report was incorporated by reference. Further, the trial court found that Defendant committed the violations alleged in paragraphs one through seven of the report and that those violations were willful and without lawful excuse. Therefore, we conclude that the order, in combination with the probation violation report incorporated by reference, contained sufficient findings of fact to support the revocation of Defendant's probation. See State v. Henderson, 179 N.C. App. 191, 196-97, 632 S.E.2d 818, 822 (2006) (holding that the completed "Judgment and Commitment Upon Revocation of Probation" form and incorporated probation violation report constituted sufficient findings of fact to support the defendant's probation revocation).
Affirmed.
Judges CALABRIA and STROUD concur.
Report per Rule 30(e).
NOTES
[1] State v. Robinson, 248 N.C. 282, 287, 103 S.E.2d 376, 380 (1958).
[2] Defendant's remaining assignments of error set out in the record on appeal were not brought forward in his brief; accordingly, they are deemed abandoned. N.C. R. App. P. 28(a) (2008).