STATE OF NORTH CAROLINA v. LONNIE GENE YONCE

No. COA09-1504

(Filed 2 November 2010)

**1. Appeal and Error— lack of jurisdiction—untimely appeal**

The Court of Appeals did not have jurisdiction to review defendant's challenge to the revocation of his probation in the trial court's 27 October 2008 order based on defendant's failure to make a timely appeal.

**2. Probation and Parole— probation violation—failure to pay restitution**

Although defendant timely appealed from the 8 December 2008 order, defendant failed to show the trial court abused its discretion by committing defendant to the custody of the Department of Correction at the conclusion of the hearing. Defendant had already been found in willful violation of the conditions of his probation and had been given a one month reprieve to make the required restitution payments. The record was devoid of any evidence explaining any specific reason that defendant was unable to make the required payments.

**3. Appeal and Error— motion for appropriate relief denied— effective assistance of counsel**

Defendant's motion for appropriate relief asserting that his trial counsel failed to provide him with constitutionally effective representation was denied. Defendant failed to demonstrate that the documentation upon which he now relied could have been produced at either hearing.

Appeal by defendant from judgments entered 8 December 2008 by Judge V. Bradford Long in Randolph County Superior Court. Heard in the Court of Appeals 26 May 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Gregory P. Roney, for the State.*

*Law Office of Bruce T. Cunningham, by Bruce T. Cunningham, Jr. and Heather L. Rattelade, for defendant.*

ERVIN, Judge.

STATE v. YONCE

[207 N.C. App. 658 (2010)]

Defendant Lonnie Gene Yonce appeals from judgments entered by the trial court imprisoning him for a total of a minimum of 105 months and a maximum of 126 months in the custody of the North Carolina Department of Correction as the result of a prior determination that he had willfully failed to comply with the terms and conditions of certain probationary judgments. After careful consideration of Defendant's challenges to the trial court's order in light of the record and the applicable law, we conclude that Defendant had not challenged the revocation of his probation in a timely manner, that the trial court's order committing him to the custody of the Department of Correction should be affirmed, and that his motion for appropriate relief on appeal should be denied.

## I. Factual Background

On 29 November 2007, Defendant pled guilty to seven counts of obtaining property by false pretenses. Based upon his guilty pleas, the trial court entered judgments sentencing Defendant to seven consecutive sentences of a minimum of 15 months and a maximum of 18 months imprisonment in the custody of the North Carolina Department of Correction. However, the trial court suspended the active sentences imposed upon Defendant and placed him on supervised probation for a period of five years on the condition, among other things, that Defendant pay restitution in the amount of $57,100.00.

On 9 May 2008, Probation Officer Kurt Teague filed violation notices alleging, in each case, that Defendant had willfully failed to comply with the terms and conditions of his probation by not making the required restitution payments in a timely manner. On 27 October 2008, a violation hearing was conducted before Judge W. Douglas Albright, at which Defendant conceded that he had failed to make the required restitution payments in accordance with the schedule established by his probation officer but denied that he had acted willfully. As of the date of the hearing, Defendant had paid $2,739.00 and owed an arrearage of $7,733.00. In the course of the violation hearing, Defendant testified that he received a $1,200.00 monthly disability payment from the Department of Veterans Affairs, an amount which exceeded his monthly restitution payment of $952.00, and that the majority of his monthly disability benefit payment was used to provide support for his nineteen-year old daughter and one-year old grandson. Defendant stated that he thought that he could become current on his payments because he had applied for additional bene-

fits from the Veteran's Administration and the Social Security Administration and that, once his application was approved, he would receive a $20,000.00 retroactive benefit payment.

At the conclusion of the 27 October 2008 hearing, Judge Albright found that Defendant had willfully violated the restitution condition of his probation judgments. More particularly, the trial court found "as a fact that [Defendant] ha[d] willfully and without any lawful excuse whatsoever" violated the terms and conditions of his probation. However, based upon Defendant's promise to "have all arrears brought current" upon receipt of the retroactive disability benefit payment, Judge Albright gave the Defendant until 1 December 2008 to come into compliance, stayed the execution of his order until 8 December 2008, and scheduled a review hearing for the latter date. In addition, Judge Albright found that, if Defendant fully complied with the monetary payment provisions of the original judgments by 1 December 2008, his active sentences should not be put into effect. On the other hand, if Defendant failed to "be in full and complete compliance" on 8 December 2008, his prison sentences should be activated immediately.

On 8 December 2008, Defendant appeared before the trial court for a status hearing. After Defendant reported that he had only paid $160.00 towards the $8,520.00 needed to bring himself into compliance with the financial provisions of the original probationary judgments, the trial court made following findings of fact:

[First.] The defendant was placed on supervised probation by the Presiding Judge . . . pursuant to a transcript [of] plea, which transcript of plea required that the defendant pay restitution in this matter.

Second. The transcript of plea required that in each of the matters set out above the defendant's sentences shall run consecutive to one another if the defendant was revoked from supervised probation.

Third. The defendant was cited for a probation violation report on May the 9th, 2008. That a probation violation hearing was held on [October] the 27th, 2008 in Randolph County Criminal Superior Court before the Honorable W. Douglas Albright, emergency Superior Court Judge presiding.

STATE v. YONCE

[207 N.C. App. 658 (2010)]

[Fourth.] That Judge Albright found the defendant in willful violation of his conditions of probation[] and ordered that the defendant's probation be revoked.

[Fifth.] The Court issued a stay of execution on commitments of the defendant until December the 8th, 2008.

[Sixth.] The Court ordered that–The Court recommended that if the defendant was in full compliance with all conditions and moneys that his sentence not be invoked on December the 8th.

[Seventh.] The Court further ordered that the commitments in this matter shall issue forthwith if the defendant is not in full compliance.

[Eighth.] This Court does not have before it a transcript of [the] October the 27th, 2008 hearing before Judge Albright, but the Court finds that based upon the judgment and other dispositions entered that date that the Court finds that Judge Albright entered the appropriate findings and conclusions on the record on October the 27th, 2008. The Court further finds that while this Court is not bound by the judgment entered on October 27th 2008 to commit the defendant, that as the defendant has been revoked from probation pursuant to the Order of October 27th, 2008, and that as the defendant has failed–that since October 27th, 2008 through today's date, the defendant has paid $160.00 on his–on the monies owed under the terms of his probation as opposed to the 8,000–approximately $8,500.00–which the October 27th, 2008 Order presented would be paid by today's date.

Based upon these findings, the trial court "conclude[d] that the interest of justice requires that the commitments be issued" and ordered that Defendant begin serving his active sentences. Defendant noted an appeal to this Court from the trial court's order.

## II. Legal Analysis

### A. 27 October 2008 Order

[1] On appeal, Defendant contends that Judge Albright and the trial court failed to make adequate findings of fact to support their conclusion that his probation should be revoked and his suspended sentences activated and that the effect of the orders entered by Judge Albright and the trial court was to violate the prohibition against imprisoning an individual based solely on his or her inability to pay. Although Defendant's appellate arguments allude to the 8 December

2008 order, they are primarily focused on the 27 October 2008 order. The State, however, contends that we lack the authority to consider Defendant's challenge to Judge Albright's order of 27 October 2008. A careful review of the record establishes that the State's contention has merit.

At the conclusion of the 27 October 2008 hearing, Judge Albright found "that [Defendant] ha[d] willfully and without any lawful excuse whatsoever violated the terms and conditions of his probation as alleged in the various violation reports." In addition, Judge Albright "order[ed] that [Defendant's] probation be . . . revoked and the sentences [] ordered into effect." The literal language of Judge Albright's order clearly establishes that Defendant's probation had been revoked and his sentences activated at that point in the proceedings.

"After a conviction or plea (guilty or *nolo contendere*), the court has power: (1) [t]o pronounce judgment and place it into immediate execution; (2) to pronounce judgment and suspend or stay its execution; (3) to continue prayer for judgment." *State v. Griffin*, 246 N.C. 680, 682, 100 S.E.2d 49, 50-51 (1957); *see also State v. Thompson*, 267 N.C. 653, 655, 148 S.E.2d 613, 615 (1966); *State v. Brown*, 110 N.C. App. 658, 659, 430 S.E.2d 433, 434 (1993); *Florence v. Hiatt*, 101 N.C. App. 539, 541, 400 S.E.2d 118, 120 (1991). "[W]hen the judgment is pronounced and its execution is stayed or suspended, 'such disposition of the cause does not serve to delay or defeat the defendant's right of appeal." *Griffin*, 246 N.C. at 681, 100 S.E.2d at 51 (citing *State v. Miller*, 225 N.C. 213, 215, 34 S.E.2d 143, 145 (1945) (stating that "the order suspending the imposition or execution of sentence on condition is favorable to the defendant in that it postpones punishment and gives him an opportunity to escape it altogether," so that, "[w]hen he sits by as the order is entered and does not then appeal, he impliedly consents and thereby waives or abandons his right to appeal on the principal issue of his guilt or innocence and commits himself to abide by the stipulated conditions"); (citing *State v. Calcutt*, 219 N.C. 545, 15 S.E.2d 9 (1941) (citations omitted)). Although these principles have been established in cases involving the pronouncement of judgment following a determination of guilt rather than in the context of a determination that a defendant has violated the terms and conditions of his or her probation, we see no reason based on our examination of the applicable statutory provisions and other relevant legal materials to reach any conclusion other than that the same basic principles apply to instances in which a trial judge determines that a defendant has violated the terms and conditions of his or her proba-

tion. As a result, in the event that a trial judge determines that a defendant has willfully violated the terms and conditions of his or her probation, activates that defendant's suspended sentence, and then stays execution of his or her order, a final judgment has been entered, triggering the defendant's right to seek appellate review of the trial court's decision.

N.C.R. App. P. 4(a)(2) requires that an appeal in a criminal case be noted within fourteen days after the entry of judgment. Judgment is entered "when sentence is pronounced." N.C. Gen. Stat. § 15A-101. Judge Albright entered a final judgment when he ordered that Defendant's "sentences [be put] into effect" on 27 October 2008. Although Defendant, without citing any authority in support of his position, appears to contend to the contrary, Judge Albright's decision to defer actually committing Defendant to the custody of the Department of Correction for the purpose of beginning the service of his active sentences did not operate to defer the entry of judgment. For that reason, the fourteen day period specified in N.C.R. App. P. 4(a)(2) began running at the time that Judge Albright entered the 27 October 2008 order. Since Defendant did not note his appeal to this Court until 12 December 2008, a date substantially more than fourteen days following the entry of Judge Albright's order, this Court lacks jurisdiction over Defendant's challenge to the revocation of his probation as embodied in Judge Albright's order and has no authority to consider Defendant's challenge to that decision. *State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320 (2005), *appeal dismissed*, 360 N.C. 73, 622 S.E.2d 626 (2006) (noting that, "when a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal"). As a result of Defendant's failure to note his appeal in a timely manner, we lack the authority to entertain Defendant's challenge to Judge Albright's 27 October 2008 order on the merits and decline to do so.

### B. 8 December 2008 Order

[2] Defendant did, however, note his appeal from the 8 December 2008 order in a timely manner, so that we have jurisdiction over his challenge to that order. We do not, however, believe that Defendant has shown any error of law in the trial court's decision to commit him to the custody of the Department of Correction at the conclusion of the 8 December 2008 hearing.

As we have already noted, a trial judge has the inherent power to stay the execution of a judgment. *Griffin*, 246 N.C. at 682, 100 S.E.2d

at 50-51. Thus, the only issue before the trial court at the 8 December 2008 hearing was whether it should continue to stay the activation of Defendant's suspended sentences or to commit Defendant to the custody of the Department of Correction. The extent to which Judge Albright properly revoked Defendant's probation at the 27 October 2008 hearing was not at issue before the trial court on 8 December 2008. Although the parties have not cited any authority addressing the standard of review that should be applied in evaluating appellate challenges to decisions of the nature actually made by the trial court and although we have not found any such authority in the course of our own research, we believe, by analogy to the standard utilized in determining whether a trial judge erred in revoking a defendant's probation and activating his or her suspended sentences, *State v. Guffey*, 253 N.C. 43, 45, 116 S.E.2d 148, 150 (1960) (stating that "[t]he findings of the judge, if supported by competent evidence, and his judgment based thereon are not reviewable on appeal, unless there is a manifest abuse of discretion") (citations omitted), that the trial court's decision to refrain from further staying the execution of Judge Albright's order is reviewable under an abuse of discretion standard. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (stating that "[a] trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason" or in the event "that it was so arbitrary that it could not have been the result of a reasoned decision") (citing *Clark v. Clark*, 301 N.C. 123, 128-29, 271 S.E.2d 58, 63 (1980)).

At the 8 December 2008 hearing, the following colloquy occurred concerning the trial court's responsibilities under the 27 October 2008 order:

THE COURT: . . . The Order reads as follows: 'Defendant denies willfulness of violation. The Court finds the defendant is in willful violation of his conditions of probation. The defendant's probation is revoked. The Court issues a stay of execution on that commitment until December the 8th, 2008. The defendant states to the Court that in no uncertain terms he will have all monies paid and current by December 1, 2008. . . . Under no circumstances shall this judgment be altered if the defendant is not in full compliance by the date given. . . .'

. . . All right. Judge Albright said that you need to have all your money paid today. All right. [Defense Counsel], tell me what [we've] got here.

[DEF. COUN.]: Your Honor, he needed to pay $8,520.00 by today. And how much has he brought? . . .

THE COURT: He says $160.00.

[PROB. OFF.]: He's paid 160 as of today's date.

[DEF. COUN.]: If your Honor, please?

THE COURT: Yes, sir?

[DEF. COUN.]: He approximately $200.00 today. [sic] He is hoping to get his disability check any day. He was waiting for his disability check because that's what the continuance was for until today so that he could receive and he could get his disability check.

In addition, Defendant attempted to explain his non-compliance as follows:

[DEF. COUN.]: Mr. Yonce, do you agree that you agreed to pay the sum of more than $8,000.00 by today's date?

[DEFENDANT]: I did not.

[DEF. COUN.]: You did not say that sum?

[DEFENDANT]: I said that if I got my entitlement money that's coming, that I would catch it up by today's date. And I paid some December the 1st, what I could, like I've always done. And I paid some December the 1st, and I tried to pay what I could, and I'm trying to do what this court told me to do[,] to the best that I can.

Thus, the record of the proceedings leading to the entry of the 8 December 2008 order clearly reflects that Defendant admitted having failed to comply with the condition set out in Judge Albright's order, which required him to become current by 1 December 2008, and that he attempted to offer what he hoped would be a satisfactory explanation for his failure to have become current by that point. Although Defendant argued before the trial court and argues on appeal that the trial court should not have terminated the stay of Judge Albright's order or committed him to the custody of the Department of Correction to serve his suspended sentences because he had not received the retroactive disability benefit payment that he intended to utilize to make the required payment as the result of "slow processing," the trial court did not accede to that request and we are unable to conclude that its decision to that effect "could not have been the result of a reasoned decision." *White*, 312 N.C. at 778, 324 S.E.2d at 833.

As a general proposition, "[a]ll that is required to revoke probation is evidence satisfying the trial court in its discretion that the defendant violated a valid condition of probation without lawful excuse." *State v. Tozzi*, 84 N.C. App. 517, 521, 353 S.E.2d 250, 253 (1987). On the other hand, "fairness dictates that in some instances a defendant's probation should not be revoked because of circumstances beyond his control." *State v. Hill*, 132 N.C. App. 209, 212, 510 S.E.2d 413, 415 (1999). "In a probation revocation proceeding based upon a defendant's failure to pay a fine or restitution which was a condition of his probation the burden is upon the defendant to 'offer evidence of his inability to pay money according to the terms of the [probationary] judgment.' " *State v. Jones*, 78 N.C. App. 507, 509, 337 S.E.2d 195, 197 (1985) (quoting *State v. Williamson*, 61 N.C. App. 531, 534, 301 S.E.2d 423, 426 (1983)).

> If, upon a proceeding to revoke probation or a suspended sentence, a defendant wishes to rely upon his inability to make payments as required by its terms, he should offer evidence of his inability for consideration by the judge. Otherwise, evidence establishing that defendant has failed to make payments as required by the judgment may justify a finding by the judge that defendant's failure to comply was willful or was without lawful excuse.

*State v. Young*, 21 N.C. App. 316, 320-21, 204 S.E.2d 185, 187 (1974). Although Defendant's probation had already been revoked, so that the standard set out in *Tozzi, Hill, Jones*, and *Young* is not directly relevant to the exact issue properly before us on appeal, Defendant's failure to satisfy this standard during the proceeding held before the trial court on 8 December 2008 would clearly establish that the trial court did not act arbitrarily in declining to continue to stay enforcement of Judge Albright's order.

The record does not reflect that the opportunity that Defendant was given to be heard at the 8 December 2008 hearing was in any way inadequate. As a general proposition, a proceeding such as the one at issue here, like a revocation hearing, is an informal one in which the trial court is "not bound by strict rules of evidence[.]" *State v. Hewett*, 270 N.C. 348, 353, 154 S.E.2d 476, 480 (1967) (citations omitted). Perhaps for that reason, Defendant has not challenged the lawfulness of any aspect of the manner in which the trial court conducted the 8 December 2008 hearing except for his contention that it failed to make adequate findings concerning the basis for the determination

that Defendant had willfully violated the terms and conditions of his probation, an issue which was not properly before the trial court in light of the fact that Judge Albright had already decided that Defendant's probation should be revoked. At the 8 December 2008 hearing, Defendant explained his failure to become current on his payments on the grounds that he had told Judge Albright that he would make the required payment "if I got my entitlement money" and that he had "tried to pay what I could." However, these statements, which were made at a time when Defendant had already been found to be in willful violation of the conditions of his probation and after Defendant had been given a one month reprieve from his commitment to the custody of the Department of Correction, do not adequately demonstrate an inability to make the required payments. For example, the record developed before the trial court on 8 December 2008 is completely devoid of any evidence describing Defendant's expenses or explaining any specific reason that Defendant was, in fact, unable to make the required payments. Similar statements have been held insufficient to prevent the revocation of a defendant's probation for non-payment. *Jones*, 78 N.C. App. at 509-10, 337 S.E.2d at 197 (finding that the defendant's unsworn statement that "I've just been out of work, sir," did not suffice to preclude revocation of that defendant's probation). Furthermore, even if a defendant presents evidence tending to show that he unavoidably lacked the means to make the required payments, "[t]he trial judge, as the finder of the facts, is not required to accept defendant's evidence as true." *Young*, 21 N.C. App. at 321, 204 S.E.2d at 188. Therefore, since the trial court would have been justified in revoking Defendant's probation on the basis of the information available to him at the 8 December 2008 hearing, we cannot conclude that the trial court abused its discretion in deciding to commit Defendant to the custody of the Department of Correction based on Judge Albright's earlier order.

## C. Motion for Appropriate Relief

[3] Finally, Defendant filed a motion for appropriate relief on appeal pursuant to N.C. Gen. Stat. § 15A-1418(a) in which he asserts that his trial counsel failed to provide him with constitutionally effective representation in violation of the Sixth and Fourteenth Amendments to the United States Constitution. Attached to Defendant's motion was an affidavit executed by Defendant. In his affidavit, Defendant verified the accuracy of the factual statements contained in his motion for appropriate relief, including the contention that he received a retroactive benefit payment from the Department of Veterans Affairs

in mid-March 2009 totaling approximately $11,000.00. In addition, a letter from the Department of Veterans Affairs dated 11 February 2009, in which the Department stated that his monthly benefit payment would be increased to $2,623.00 effective 1 June 2008, decreased to $2,527.00 effective 16 September 2008, and increased to $2,673.00 effective 1 December 2008, was attached to Defendant's affidavit. In his motion for appropriate relief, Defendant contends that his trial counsel was ineffective because he failed to either "obtain documentation from the [Department of Veterans Affairs] to give to [Judge Albright and the trial court] to support the request that Defendant be continued on probation" or to "ask[] for a continuance to allow counsel to contact [the Department of Veterans Affairs] to get the latest information on when Defendant's money would be received." We are not persuaded by the argument advanced in Defendant's motion for appropriate relief.

"When a motion for appropriate relief is made in the appellate division, the appellate court must decide whether the motion may be determined on the basis of the materials before it, whether it is necessary to remand the case to the trial division for taking evidence or conducting other proceedings, or, for claims of factual innocence, whether to refer the case for further investigation to the North Carolina Innocence Inquiry Commission[.]" Although N.C. Gen. Stat. § 15A-1418(b) does not expressly reference the provision of N.C. Gen. Stat. § 15A-1420(c)(1) stating that "[a]ny party is entitled to a hearing on questions of law or fact arising from the motion and any supporting or opposing information presented unless the court determines that the motion is without merit[,]" we believe that the same basic principle should be utilized in connection with an appellate court's initial evaluation of a motion for appropriate relief on appeal filed pursuant to N.C. Gen. Stat. § 15A-1418(a). *See State v. McHone*, 348 N.C. 254, 257, 499 S.E.2d 761, 763 (1998) (stating that, "if the trial court can determine from the motion and any supporting or opposing information presented that the motion is without merit, it *may* deny the motion without any hearing either on questions of fact or questions of law, including constitutional questions") (emphasis in the original). As a result, our initial responsibility in connection with our evaluation of Defendant's motion for appropriate relief on appeal is determining whether that motion is potentially meritorious so that this case should be remanded to the Randolph County Superior Court for an evidentiary hearing.

A defendant seeking to establish that he or she received constitutionally deficient representation "must satisfy a two part test." *State v. Braswell*, 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). Thus, we will proceed to examine the potential merits of Defendant's ineffective assistance of counsel claim utilizing the standard set out in *Braswell* and *Strickland*.

A careful reading of Defendant's motion for appropriate relief provides no indication that the information upon which he relies was available at the time of the hearings held before Judge Albright and the trial court. Instead, the first item of information in the record tending to show that Defendant would definitely receive an increased or additional benefit payment from the Department of Veterans Affairs appears to be the 11 February 2009 letter that is attached to Defendant's affidavit. Neither Defendant's motion nor his affidavit tend to show that the information upon which Defendant now relies would have been available to his trial counsel on either 27 October 2008 or 8 December 2008. Given that set of circumstances, we cannot conclude that Defendant's trial counsel should be deemed to have provided him with deficient representation based on a failure to present information that has not been shown to have existed at the time of the hearings held before Judge Albright and the trial court or a failure to seek a continuance based on that information. As a result, in light of Defendant's failure to demonstrate that the documentation upon which he now relies could have been produced on either 27 October 2008 or 1 December 2008, we conclude that Defendant's motion for appropriate relief on appeal lacks merit and should be denied without the necessity for further proceedings before this Court or the Randolph County Superior Court.

### III. Conclusion

Thus, for the reasons set forth above, we conclude that Defendant did not lodge a timely appeal from Judge Albright's order

revoking his probation and activating his suspended sentences, that the trial court did not abuse its discretion by committing Defendant to the custody of the Department of Correction to serve his suspended sentences, and that Defendant's motion for appropriate relief is without merit and should be denied. As a result, the trial court's order should be, and hereby is, affirmed.

AFFIRMED.

Judges McGEE and STROUD concur.