STATE OF NORTH CAROLINA v. DONALD O'NEAL FLOYD

No. COA10-1098

(Filed 19 July 2011)

**Probation and Parole— activation of sentence—failure to show willful violation by failing to pay costs**

The trial court's judgment revoking defendant's probation and activating his suspended sentence for failure to register as a sex offender was vacated. The trial court failed to make findings of fact that showed it considered defendant's evidence before concluding he willfully violated his probation by failing to pay the cost of his sexual abuse treatment program. Under revised N.C.G.S. § 15A-1344(a), a court may only revoke probation if a defendant commits a criminal offense or absconds.

Appeal by defendant from judgment entered 18 March 2010 by Judge Laura J. Bridges in Buncombe County Superior Court. Heard in the Court of Appeals 23 February 2011.

*Faith S. Bushnaq for defendant.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Ted R. Williams, for the State.*

ELMORE, Judge.

Donald O. Floyd (defendant) appeals from a judgment revoking probation and activating his suspended sentence. After careful consideration, we vacate the judgment.

On 2 April 2007, defendant pled guilty to failing to register as a sex offender. He had a prior record level of 2, and the trial court imposed an intermediate punishment of fifteen to eighteen months' imprisonment, suspended subject to thirty-six months of supervised

probation. The trial court imposed several special conditions of probation, including special condition number 5, which required that defendant "[p]articipate in a sexual abuse treatment program approved by the supervising officer and complete the same to the full satisfaction of the treatment provider. . . . Program participation is defined as attendance at all meetings, prompt payment of fees, . . . and progress toward reasonable treatment goals." Defendant was also ordered to pay the clerk $750.50 in court costs and fines. Pursuant to the judgment, the Division of Community Corrections ordered defendant to pay $54.00 per month to the Clerk of Superior Court, beginning on 2 June 2007 and continuing until he had remitted a total amount of $750.50.

On 14 January 2010, defendant's probation officer filed a violation report, alleging that defendant had willfully violated two conditions of his probation by failing to pay anything towards his court costs and fines or his monthly probation supervision fee. Defendant was in arrears of $1,680.50. On 4 February 2010, defendant filed an affidavit of indigency, listing one dependent and a monthly income of $200.00 from food stamps. On 15 February 2010, defendant's probation officer filed another violation report. This report alleged that defendant willfully violated special condition number 5 of his probation by failing to participate in a sexual abuse treatment program.

On 18 March 2010, the trial court held a hearing on the two probation violation reports. Defendant and his probation officer, Todd Carter, testified. Carter testified that defendant had complied with all of the conditions of his probation except the monetary conditions. Defendant had attended twenty-seven of thirty sexual abuse treatment program classes, but had been barred from completing the program in October 2009 because he was behind in his payments for the program. It appears that defendant's balance was approximately $2,200.00 at the time of the hearing. Carter's opinion was that defendant would complete the treatment program if he could pay for it.

When defendant was originally sentenced to probation, he was employed. However, he was laid off from that job. Later, he worked for a plumbing company. He worked there for ten or eleven months, until he was electrocuted on the job. Defendant suffered injuries and was out of work for a month as a result. Defendant also suffers from sciatica and bulging discs. Though the exact chronology of defendant's employment history is unclear from the record, it appears that defendant only worked for a few weeks between 15 February 2008 and the hearing date. Defendant testified that he made $10.00 per

hour at the plumbing job, and he worked up to forty hours per week. Carter testified that he knew that defendant had looked for other jobs and "interviewed at several different places, but nothing came of it." As of the hearing date, defendant had a job lined up as a driver for an airport car service. However, he had not actually begun working for the car service because the owner wanted to wait until after defendant's hearing. Defendant explained, "He's just kind of iffy about putting me on with me ending up in prison and him being short a driver."

At the end of the hearing, the trial court found and concluded that defendant had willfully and without valid excuse violated the conditions of his probation before the expiration of the term of the probationary period. It revoked defendant's probation and sentenced him to fifteen to eighteen months' imprisonment. In the written judgment, the trial court found as fact that defendant had violated the condition set forth in the 15 February 2010 violation report. The judgment made no reference to the alleged violations contained in the 14 January 2010 violation report.

On appeal, defendant argues that he did not willfully violate special condition of probation number 5, as alleged in the 15 February 2010 violation report, which required him to participate in a sexual abuse treatment program. Without question, defendant satisfied all participation requirements except for the prompt payment of fees. Defendant argues that his nonpayment of the fees was not willful because he was unemployed following his electrocution, living on food stamps, and had, in good faith, attempted to obtain employment as demonstrated by securing the driving job shortly before his probation was revoked. We agree.

Probation revocation hearings are governed by N.C. Gen. Stat. § 15A-1345, which states, in relevant part:

Before revoking or extending probation, the court must, unless the probationer waives the hearing, hold a hearing to determine whether to revoke or extend probation and must make findings to support the decision and a summary record of the proceedings. The State must give the probationer notice of the hearing and its purpose, including a statement of the violations alleged. The notice, unless waived by the probationer, must be given at least 24 hours before the hearing. At the hearing, evidence against the probationer must be disclosed to him, and the probationer may appear and speak in his own behalf, may present relevant information, and may confront and cross-examine adverse witnesses

unless the court finds good cause for not allowing confrontation. The probationer is entitled to be represented by counsel at the hearing and, if indigent, to have counsel appointed. Formal rules of evidence do not apply at the hearing, but the record or recollection of evidence or testimony introduced at the preliminary hearing on probation violation are inadmissible as evidence at the revocation hearing. When the violation alleged is the nonpayment of fine or costs, the issues and procedures at the hearing include those specified in G.S. 15A-1364 for response to nonpayment of fine.

N.C. Gen. Stat. § 15A-1345(e) (2009). Section 15A-1364 states, in relevant part, that, "unless the defendant shows inability to comply and that his nonpayment was not attributable to a failure on his part to make a good faith effort to obtain the necessary funds for payment, the court may order the suspended sentence, if any, activated[.]" N.C. Gen. Stat. § 15A-1364(b) (2009). As explained in the official commentary, section 15A-1364 was "intended to respond to the demands of *Tate v. Short*, 401 U.S. 395, 91 S. Ct. 668, 28 L. Ed. 2d 130 (1970), holding unconstitutional the imprisonment of a defendant who does not pay his fine because he is unable to." N.C. Gen. Stat. § 15A-1364, cmt. (2009). Although the violation alleged in this case stemmed from a requirement that defendant attend a treatment program, the alleged violation itself was that defendant failed to pay the costs of the treatment program. Accordingly, we apply section 15A-1364.

A proceeding to revoke probation [is] often regarded as informal or summary, and the court is not bound by strict rules of evidence. An alleged violation by a defendant of a condition upon which his sentence is suspended need not be proven beyond a reasonable doubt. All that is required is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended. The findings of the judge, if supported by competent evidence, and his judgment based thereon are not reviewable on appeal, unless there is a manifest abuse of discretion.

Our Courts have continuously held that a suspended sentence may not be activated for failure to comply with a term of probation unless the defendant's failure to comply is willful or without lawful excuse. [T]he burden of proof is upon the State to show that the defendant has violated one of the conditions of his probation.

*State v. Tennant*, 141 N.C. App. 524, 526-27, 540 S.E.2d 807, 808 (2000) (quotations and citations omitted; alterations in original). However,

> [i]n a probation revocation proceeding based upon [a] defendant's failure to pay a fine or restitution which was a condition of his probation[,] the burden is upon the defendant to "offer evidence of his inability to pay money according to the terms of the [probationary] judgment." *State v. Williamson*, 61 N.C. App. 531, 534, 301 S.E. 2d 423, 426 (1983); *see also* G.S. 15A-1345(e) and 15A-1364(b). . . . If [the] defendant fails to offer evidence of his inability to pay money in accordance with the terms of the probationary judgment, "then the evidence which establishes that [the] defendant has failed to make payments as required by the terms of the judgment is sufficient within itself to justify a finding by the judge that [the] defendant's failure to comply was without lawful excuse." *Id.*

*State v. Jones*, 78 N.C. App. 507, 509, 337 S.E.2d 195, 197 (1985). But, if "a defendant does put on evidence of his inability to pay, . . . he is entitled to have his evidence considered and evaluated by the trial court," and the trial court must "make findings of fact which clearly show that he did consider and did evaluate the defendant's evidence." *Id.* (quotations and citations omitted).

This Court has explained that, although trial judges have discretion in probation proceedings, that discretion " 'implies conscientious judgment, not arbitrary or willful action. It takes account of the law and the particular circumstances of the case, and is directed by the reason and conscience of the judge as to a just result.' " *State v. Hill*, 132 N.C. App. 209, 212, 510 S.E.2d 413, 415 (1999) (quoting *State v. Duncan*, 270 N.C. 241, 245, 154 S.E.2d 53, 57 (1967)). Thus, "fairness dictates that in some instances a defendant's probation should not be revoked because of circumstances beyond his control." *Id.*

Here, defendant presented evidence of his inability to pay the costs of his treatment program. He offered an affidavit of indigency, pledging that his sole income was $200.00 in food stamps each month. He also testified that he had been unemployed since 2008, and that he had been electrocuted at his last job, which affected his ability to work. He and his probation officer both testified that he had searched for work, but that he had been unable to secure a job until *just before the probation revocation hearing*, which job he lost when he was incarcerated. His probation officer also testified that he believed that defendant would complete the treatment program if he could pay for

it. The trial court made no finding of fact that defendant had no lawful excuse for his violation. *See id.* at 213, 154 S.E.2d at 415 (vacating and remanding a judgment revoking probation for failure to pay restitution after "the trial court failed to find as fact that [the] defendant did not have a lawful excuse for his violation"). Although a trial judge has considerable discretion in probation revocation hearings, it is not clear here that the trial court considered and evaluated defendant's evidence or that the result was just.

Accordingly, we hold that the trial court erred by failing to make findings of fact that clearly show that the trial court did consider and did evaluate defendant's evidence before concluding that defendant had willfully violated his probation by failing to pay the cost of his sexual abuse treatment program. We vacate the judgment below and remand for further proceedings.

As a final note, we observe that the General Assembly has passed "The Justice Reinvestment Act of 2011," which will modify N.C. Gen. Stat. § 15A-1344 to eliminate a trial court's ability to revoke probation when a defendant fails to pay a fee, fine, or cost. 2011 N.C. Sess. Laws 192, § 4. Under the revised § 15A-1344(a), a court may only revoke probation if the defendant commits a criminal offense or absconds. *Id.*, § 4.(b). The session law adds a new subsection to § 15A-1344 that allows a court to impose a ninety-day period of confinement for a probation violation other than committing a criminal offense or absconding. *Id.*, § 4.(c) (adding § 15A-1344(d2)). These revisions will apply to all probation violations occurring after 1 December 2011. *Id.*, § 4.(d).

Vacated and remanded.

Judges BRYANT and GEER concur.