An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-732

Filed 18 February 2026

New Hanover County, No. 18CR053985-640

STATE OF NORTH CAROLINA

v.

KIMBERLY ANNE KLEIN

Appeal by defendant from judgment entered 10 October 2024 by Judge Richard Kent Harrell in New Hanover County Superior Court. Heard in the Court of Appeals 28 January 2026.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Tanisha D. Folks, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Jillian C. Franke, for the defendant-appellant.*

TYSON, Judge.

Kimberly Anne Klein ("Defendant") appeals from judgment entered 10 October 2024 pursuant to termination of her conditional discharge agreement and entry of judgment on her felony guilty plea. We affirm.

## I. Background

Defendant was indicted on the charge of felonious exploitation of an older or disabled adult, a class G felony. The state alleged she had obtained money from her mother in violation of § 14-112.2(b), which makes it unlawful for a person in a position of trust and confidence with an older or disabled adult to knowingly, by deception or intimidation, obtain or use, an older or disabled adult's funds with the intent to temporarily or permanently deprive her of them. N.C. Gen. Stat. § 14-112.2(b) (2023).

Defendant pled guilty on 12 December 2019 to the lesser offense of attempted exploitation of an older/disabled adult, a class H felony. Under the terms of the plea, Defendant was permitted to enter into a Conditional Discharge arrangement under N.C. Gen. Stat. § 15A-1341 (2023), the statute which governs probation. The statute provides:

> (a4) Conditional Discharge. – Whenever a person pleads guilty to or is found guilty of a Class H or I felony or a misdemeanor, the court may, on joint motion of the defendant and the prosecutor, and without entering a judgment of guilt and with the consent of the person, defer further proceedings and place the person on probation as provided in this Article for the purpose of allowing the defendant to demonstrate the defendant's good conduct if the court finds each of the following facts:
>
> (1) Each known victim of the crime has been notified of the motion for probation by subpoena or certified mail and has been given an opportunity to be heard.
>
> (2) The defendant has not been convicted of any felony or of any misdemeanor involving moral turpitude.
>
> (3) The defendant has not previously been placed on probation and so states under oath.

(4) The defendant is unlikely to commit another offense other than a Class 3 misdemeanor.

N.C. Gen. Stat. § 15A-1341(a4) (2023).

Under the terms of the Conditional Discharge agreement, Defendant was placed on supervised probation for a term of twenty-four months. She was ordered to pay restitution in the amount of $30,000 to her aunt as the appointed power of attorney for her mother. The Conditional Discharge order stated:

> The parties understand and agree that in the event that the restitution has not been paid in full by 12/31/21, that the term of this agreement can be extended for an additional period of probation as long as the Defendant has made all reasonable efforts to pay the restitution.

On 7 October 2021, Defendant's probation officer filed a violation report alleging she had not paid *any sums* toward the required restitution. On 5 January 2022, the trial court entered an order to extend Defendant's probation for thirty-six additional months.

Defendant's probation officer filed a second violation report on 20 August 2024, almost three years after the filing of the first violation report. The violation report alleged Defendant had only paid $830 toward her restitution and still owed over $29,000.

The matter was heard before the trial court on 10 October 2024. Defendant denied the willfulness of the violation. Defense counsel informed the court Defendant's mother had died, and argued Defendant should not have to pay the

restitution under the Conditional Discharge agreement because she is the sole beneficiary of her mother's estate:

> She does not know what is transpiring with the estate. As I said, she was the only child, but since this happened, she was the power of attorney with her aunt. Then the aunt had taken care of everything. I don't know what happened, but, quite frankly, it's one of those situations that if restitution was to be paid, maybe in her will, honestly, it would go back to her.

Defense counsel further argued Defendant's failure to pay the money was not willful because she was unable to pay and asked the Court to convert the restitution into a civil judgment. The State asserted Defendant should have been able to pay more than $830 toward the restitution in the five years since the plea and asked for judgment on the guilty plea to be entered.

The trial court found and concluded Defendant had failed to comply with the terms of her probation and her failure to do so was willful. The court terminated the Conditional Discharge, revoked probation, and entered judgment on her guilty plea. The Court sentenced Defendant to five to fifteen months imprisonment, suspended the sentence, and placed her on twelve months of unsupervised probation. The restitution was reduced to a civil judgment. Defendant appeals.

## II.    Jurisdiction

This court possesses jurisdiction pursuant to N.C. Gen Stat. §§ 7A-27(b)(4), 15A-1341(a)(4) and 15A-1347 (2023).

## III.    Issues

Defendant argues the trial court erred by finding she had willfully violated her probation by failing to pay the $30,000 in restitution for over five years to her mother's designated power of attorney, because she is the only child and sole beneficiary of her deceased mother's estate.

## A. Standard of Review

This Court reviews a trial court's decision to revoke probation for abuse of discretion. *State v. Crompton*, 270 N.C. App. 439, 442, 842 S.E.2d 106, 109 (2020) (citation omitted). Defendant must show the ruling is "manifestly unsupported by reason" or "so arbitrary that it could not have been the result of a reasoned decision." *State v. Crompton*, 270 N.C. App. 439, 442, 842 S.E.2d 106, 109-10 (2020), *aff'd*, 380 N.C. 220, 868 S.E.2d 48 (2022).

Probation revocation proceedings are informal and do not require the State to prove a violation beyond a reasonable doubt. *State v. Johnson*, 246 N.C. App. 132, 134, 782 S.E.2d 549, 551 (2016). Instead, the state must present competent evidence demonstrating the defendant willfully failed to comply with a stated condition of probation. *State v. Robinson*, 248 N.C. 282, 285-86, 103 S.E.2d 376, 379 (1958) (explaining that revocation is proper where the evidence "reasonably satisf[ies] the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended") (citation omitted). Once the state satisfies this burden, the defendant may avoid revocation only by demonstrating an

inability to comply. *State v. Hemingway*, 278 N.C. App. 538, 542-43, 863 S.E.2d 279, 282-82 (2021).

When a defendant presents evidence of an inability to pay, "[s]he is entitled to have h[er] evidence considered and evaluated by the court," and the trial court must "make findings of fact which clearly show that he did consider and did evaluate the defendant's evidence." *State v. Jones*, 78 N.C. App. 507, 509, 337 S.E.2d 195, 197 (1985) (quotation and citation omitted); *see also State v. Floyd*, 213 N.C. App. 611, 614-15, 714 S.E.2d 447, 449-50 (2011).

## B. Analysis

Defendant violated her Conditional Discharge agreement and probation by failing to pay the restitution amount, which she had been ordered to pay on 12 December 2019. During the course of over five years, Defendant only paid $830 toward her agreed-upon $30,000 restitution owed.

If a defendant wishes to rely upon her inability to make payments as required by probation, she must offer evidence of her inability for the judge's consideration. *Jones*, 78 N.C. App. at 509, 337 S.E.2d at 197. Without such a showing, evidence of nonpayment alone is sufficient to justify her failure was willful or without lawful excuse. *State v. Young*, 21 N.C. App. 316, 320-21, 204 S.E.2d 185, 187 (1974). Further, if the defendant does not present evidence of inability to pay, the court is not required to make specific findings of fact regarding the defendant's financial circumstances. N.C. Gen. Stat § 15A-1345 (2023).

Here, Defendant offered no competent evidence of her inability to pay. Rather, the only assertions concerning Defendant's financial circumstances were presented through counsel's remarks. Counsel argued:

> My client is a schoolteacher . . . so this disposition afforded her an opportunity to keep her employment. She would not keep her employment if a judgement [sic] was entered . . . . She does not know what is transpiring with the estate . . . . [Q]uite frankly, it's one of those situations that if restitution was to be paid, maybe in her will, honestly, it would go back to her.

Counsel further speculated if restitution were paid, it "might eventually be returned to her through the victim's will," yet no evidence was offered to establish to whom the estate would pass by will, intestacy, or otherwise. Counsel's arguments do not constitute evidence, even in probation revocation hearings. *See State v. Crouch*, 74 N.C. App. 565, 567, 328 S.E. 2d 833, 835 (1985).

Defendant presented no evidence to support her inability to pay or regarding the status of the estate or disposition. The trial court properly entered judgment against Defendant for a willful violation of probation when Defendant failed to present competent evidence demonstrating an inability to pay restitution or lack of willfulness.

## C. Conclusion

Defendant failed to meet her burden to show an inability to pay the court-ordered restitution, which was a condition of her Conditional Discharge agreement

and probation. The trial court did not abuse its discretion in finding and concluding Defendant's noncompliance was willful, terminating the Conditional Discharge, revoking her probation, and imposing sentence consistent with her guilty plea. We affirm the trial court's order. *It is so ordered.*

AFFIRMED.

Judges DILLON and CARPENTER concur.

Report per Rule 30(e).