STATE OF NORTH CAROLINA v. STEVEN VAN McHONE

No. 148A91-2

(Filed 8 May 1998)

**1. Criminal Law § 969 (NCI4th Rev.)— first-degree murder— post-conviction—motion for appropriate relief—right to hearing and presentation of evidence—constitutional issues**

A defendant in a capital first-degree murder post-conviction proceeding was not entitled to a hearing and to present evidence on his motion for appropriate relief simply because his motion was based in part upon asserted denials of his rights under the Constitution of the United States. N.C.G.S. § 15A-1420(c)(1) provides that any party is entitled to a hearing on questions of law or fact unless the court determines that the motion is without merit, and N.C.G.S. § 15A-1420(c)(7) provides that a defendant is entitled to have the trial court make conclusions of law and state its reasons before denying the motion when defendant asserts with specificity in his motion that his conviction was obtained in violation of the Constitution of the United States. However, (c)(7) is not an expansion of defendant's right to be heard or to present evidence; it is merely a directive to the trial court to make written conclusions of law and to give its legal reasoning for meaningful appellate review. Moreover, (c)(7) must be read *in para materia* with (c)(3), so that the trial court must determine the motion without an evidentiary hearing when the motion presents only questions of law, including constitutional law. Finally, the court may deny the motion without any hearing either on questions of law or fact if it determines from the motion and any supporting or opposing information that the motion is without merit.

**2. Criminal Law § 969 (NCI4th Rev.)— first-degree murder— post-conviction—motion for appropriate relief—issues of fact—hearing**

A defendant in a capital first-degree murder post-conviction proceeding was entitled to an evidentiary hearing before the trial court ruled on his motion for appropriate relief where defendant contended for the first-time at a non-evidentiary hearing on his supplemental motion that the State had sent to the trial court a proposed order denying defendant's original motion without providing defendant with a copy; the State acknowledged at the hear-

ing that it sent a proposed order to the court which the court signed; the trial court summarily denied the motion; and the State submitted to the Supreme Court in its response to defendant's petition for writ of certiorari an affidavit that defendant's counsel had been mailed a copy of the State's proposed order. The trial court was presented with a question of fact when defense counsel contended at the hearing that the State had submitted a proposed order without providing defendant with a copy. The trial court must conduct a hearing for the taking of evidence and must make written findings when the court is unable to rule upon the motion without the hearing of evidence. The Supreme Court is not the appropriate forum for resolving issues of fact.

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review the 9 December 1996 order of Freeman, J., in Superior Court, Surry County, denying defendant's motion for appropriate relief. Heard in the Supreme Court on 16 December 1997.

*Michael F. Easley, Attorney General, by Valérie B. Spalding, Special Deputy Attorney General, for the State.*

*Kenneth Rose, Director, Center for Death Penalty Litigation, and Cindy F. Adcock, Duke University School of Law, for defendant-appellant.*

*Paul M. Green on behalf of the North Carolina Academy of Trial Lawyers, amicus curiae.*

MITCHELL, Chief Justice.

On 4 June 1990, defendant was indicted by the Surry County Grand Jury on two counts of first-degree murder and one count of assault with a deadly weapon with intent to kill inflicting serious injury.. After a capital trial held at the 25 February 1991 Criminal Session of Superior Court, Surry County, the jury found defendant guilty of both counts of first-degree murder, on the theory of premeditation and deliberation, and guilty of the assault. After a capital sentencing proceeding held pursuant to N.C.G.S. § 15A-2000, the jury recommended the death penalty for each first-degree murder conviction. The trial court entered judgment sentencing defendant to death for each murder. The trial court also entered judgment sentencing defendant to ten years' imprisonment for the conviction of assault with a deadly weapon with intent to kill. Defendant appealed to the North Carolina Supreme Court, and on 8 October 1993, this Court

found no error in the convictions or sentences. *State v. McHone*, 334 N.C. 627, 435 S.E.2d 296 (1993). Defendant subsequently petitioned the United States Supreme Court for a writ of certiorari, which was denied. *McHone v. North Carolina*, 511 U.S. 1046, 128 L. Ed. 2d 220 (1994). It would serve no useful purpose in determining the issues presented here to further review the evidence presented at defendant's original trial.

On 17 January 1995, defendant filed a motion for appropriate relief pursuant to chapter 15A, article 89 of the North Carolina General Statutes. On 20 January 1995, defendant filed a motion seeking discovery and for production by the State of exculpatory information. The State filed its response in opposition to defendant's discovery motion on 14 June 1995. The State filed its answer and motion to deny defendant's motion for appropriate relief on 10 May 1996.

By an order filed 26 August 1996, the trial court denied defendant's motion for appropriate relief without hearing arguments by defendant or the State and without conducting an evidentiary hearing. The trial court made no specific rulings as to defendant's motion for discovery.

On 13 September 1996, defendant filed a motion to vacate the trial court's order denying his motion for appropriate relief. At the same time, defendant filed a supplemental motion for appropriate relief pursuant to N.C.G.S. § 15A-1415(g). A hearing on defendant's motion for appropriate relief as supplemented was held on 9 December 1996. On that same date, the trial court issued an order denying defendant's motion for appropriate relief and denying defendant's discovery motion. We allowed defendant's petition for writ of certiorari to review that 9 December 1996 order of the trial court.

[1] Defendant first contends that under N.C.G.S. § 15A-1420(c), he was entitled to a hearing on questions of law and fact arising from the grounds for relief asserted in his supplemental motion. He argues that this is so because, in his motion as supplemented, he alleged specific errors of constitutional law. For the following reasons, we conclude that the mere fact that some of the grounds for relief set forth by defendant were based upon asserted violations of defendant's rights under the Constitution of the United States did not entitle him to a hearing or to present evidence.

N.C.G.S. § 15A-1420 provides that "[a]ny party is entitled to a hearing on questions of law or fact . . . *unless* the court determines

that the motion is without merit." N.C.G.S. § 15A-1420(c)(1) (1997) (emphasis added). Subsection (c)(7) of the statute also provides that if a defendant asserts with specificity in his motion for appropriate relief that his conviction was obtained in violation of the Constitution of the United States, the defendant is entitled to have the trial court make conclusions of law and state its reasons before denying the motion. N.C.G.S. § 15A-1420(c)(7). However, we do not read subsection (c)(7) as an expansion either of defendant's right to be heard or his right to present evidence. Instead, this provision is merely a directive to the trial court to make written conclusions of law and to give its legal reasoning for entering its order, such that its ruling can be subjected to meaningful appellate review. Therefore, summary denial without conclusions and a statement of the trial court's reasoning is not proper where the defendant bases his motion upon an asserted violation of his constitutional rights.

Subsection (c)(7) mandates that "the court must make and enter conclusions of law and a statement of the reasons for its determination to the extent required, when taken with other records and transcripts in the case, to indicate whether the defendant has had a full and fair hearing on the merits of the grounds so asserted." N.C.G.S. § 15A-1420(c)(7). However, this subsection of the statute must be read *in pari materia* with the other provisions of the same statute. Therefore, when a motion for appropriate relief presents only questions of law, including questions of constitutional law, the trial court *must* determine the motion without an evidentiary hearing. N.C.G.S. § 15A-1420(c)(3); *State v. Bush*, 307 N.C. 152, 166-67, 297 S.E.2d 563, 574 (1982). Further, if the trial court can determine from the motion and any supporting or opposing information presented that the motion is without merit, it *may* deny the motion without any hearing either on questions of fact or questions of law, including constitutional questions. N.C.G.S. § 15A-1420(c)(1). Therefore, it does not automatically follow that, because defendant asserted violations of his rights under the Constitution of the United States, he was entitled to present evidence or to a hearing on questions of fact or law. For example, when a motion for appropriate relief presents only a question of constitutional law and it is clear to the trial court that the defendant is not entitled to prevail, "the motion is without merit" within the meaning of subsection (c)(1) and may be dismissed by the trial court without any hearing. *Id.* Likewise, where facts are in dispute but the trial court can determine that the defendant is entitled to no relief even upon the facts as asserted by him, the trial court may

determine that the motion "is without merit" within the meaning of subsection (c)(1) and deny it without any hearing on questions of law or fact. *Id.* Defendant's contention that he was entitled to a hearing and entitled to present evidence simply because his motion for appropriate relief was based in part upon asserted denials of his rights under the Constitution of the United States is without merit.

[2] However, defendant also contends in the present case that he was entitled to an evidentiary hearing before the trial court ruled on his motion for appropriate relief as supplemented because some of his asserted grounds for relief required the trial court to resolve questions of fact. We find this contention to have merit. N.C.G.S. § 15A-1420(c)(1) mandates that "[t]he court must determine . . . whether an evidentiary hearing is required to resolve questions of fact." If the trial court "cannot rule upon the motion without the hearing of evidence, it must conduct a hearing for the taking of evidence, and must make findings of fact." N.C.G.S. § 15A-1420(c)(4). Under subsection (c)(4), read *in pari materia* with subsections (c)(1), (c)(2), and (c)(3), an evidentiary hearing is required unless the motion presents assertions of fact which will entitle the defendant to no relief even if resolved in his favor, or the motion presents only questions of law, or the motion is made pursuant to N.C.G.S. § 15A-1414 within ten days after entry of judgment.

At the 9 December 1996 hearing, defendant contended for the first time that in August 1996, the State had sent to the trial court a proposed order denying defendant's original motion for appropriate relief without providing defendant with a copy. This matter was not raised or referred to in defendant's original or supplemental motion for appropriate relief. During the 9 December 1996 hearing, the State acknowledged that it did send a proposed order to the trial court and that the trial court signed the State's proposed order dismissing defendant's original motion for appropriate relief. Defendant contended at the 9 December hearing that since neither he nor his counsel were served with a copy of the proposed order, the State had engaged in an improper *ex parte* communication with the trial court in violation of his rights to due process under the state and federal constitutions. Thus, during the 9 December 1996 hearing, defendant orally moved for the first time to have the August 1996 order denying his original motion for appropriate relief vacated because of the *ex parte* contact. The trial court summarily denied that motion and entered its 9 December 1996 order denying defendant's motion for appropriate relief as supplemented.

## STATE v. McHONE

[348 N.C. 254 (1998)]

In its response to defendant's petition to this Court for writ of certiorari, the State submitted an affidavit from a legal assistant with the district attorney's office. In that affidavit, the legal assistant stated that she had mailed defendant's counsel a copy of the State's proposed order by certified mail, return receipt requested. A copy of a receipt for certified mail was attached to the affidavit, which the State contends establishes that defendant's counsel's office received a copy of the proposed order on 13 May 1996.

In determining whether an evidentiary hearing is necessary, the trial court not only considers defendant's motion for appropriate relief, but also "any supporting or opposing information presented." N.C.G.S. § 15A-1420(c)(1). When defense counsel contended at the 9 December 1996 hearing that the State had submitted a proposed order to the trial court and had not provided defendant or his counsel with a copy and that this was an improper *ex parte* contact concerning the original order denying defendant's motion for appropriate relief, the trial court was presented with a question of fact which it was required to resolve. When a trial court is unable to "rule upon the motion without the hearing of evidence," the trial court "must conduct a hearing for the taking of evidence, and must make findings of fact." N.C.G.S. § 15A-1420(c)(4). The defendant has a right to be present at any such evidentiary hearing and to be represented by counsel. *Id.* The trial court erred in denying defendant's supplemental motion without an evidentiary hearing.

This Court is not the appropriate forum for resolving issues of fact, even though the State's affidavit was filed here. We therefore reverse the order of the trial court and remand this case to that court in order that it may make findings of fact, *inter alia,* as to whether defendant or defendant's counsel was served with a copy of the original proposed order. Given this result, we need not review the remaining assertions in defendant's motion for appropriate relief as supplemented.

Defendant also contends that the trial court erred in failing to permit his motion for discovery and thereby contravened N.C.G.S. § 15A-1415(f). We have recently explained the extent to which the State must make discovery in connection with post-conviction motions for appropriate relief in capital cases. *State v. Bates,* 348 N.C. 29, 497 S.E.2d 276 (1998). On remand, the trial court shall be required to reconsider its ruling on defendant's discovery motion in light of our opinion in *Bates,* an opinion which was not available to the trial court when it previously considered this matter.

For the foregoing reasons, we reverse the trial court's order denying defendant's motion for appropriate relief and remand this case to that court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.