IN THE SUPREME COURT OF NORTH CAROLINA

No. 181A93-4

Filed 5 June 2020

STATE OF NORTH CAROLINA

v.

RAYFORD LEWIS BURKE


On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review orders entered on 3 June 2014 and 31 July 2014 by Judge Joseph N. Crosswhite, Senior Resident Superior Court Judge, in Superior Court, Iredell County, dismissing the claims raised in defendant's motions for appropriate relief. Heard in the Supreme Court on 26 August 2019.

*Joshua H. Stein, Attorney General, by Jonathan P. Babb and Danielle Marquis Elder, Special Deputy Attorneys General, for the State-appellee.*

*Center for Death Penalty Litigation, by Gretchen M. Engel; and Malcolm R. Hunter Jr. for defendant-appellant.*

*Cassandra Stubbs, Irena Como, Burton Craige, James Coleman, and Irv Joyner, for ACLU Capital Punishment Project, ACLU of North Carolina Legal Foundation, North Carolina Advocates for Justice, and North Carolina Conference of the NAACP, amici curiae.*

*ACLU Capital Punishment Project, by Brian Stull; and The 8th Amendment Project, by Henderson Hill, for Promise of Justice Initiative and 12 Former Judges, Justices and Law Enforcement Officials, amici curiae.*

*Glenn, Mills, Fisher & Mahoney, P.A., by Carlos E. Mahoney; and Jin Hee Lee and Kerrel Murray for NAACP Legal Defense & Educational Fund, Inc., amicus curiae.*

EARLS, Justice.

Defendant, Rayford Lewis Burke, was convicted of one count of first-degree murder and sentenced to death in 1993. After we affirmed his conviction and sentence on direct appeal, defendant filed a motion for appropriate relief on 25 November 1997. The trial court denied that motion on 16 December 2011. We denied review.

Defendant filed a second motion for appropriate relief (RJA MAR) on 6 August 2010, pursuant to the North Carolina Racial Justice Act (RJA), arguing that he was entitled to a sentence of life imprisonment without the possibility of parole. The RJA was amended by the General Assembly in June 2012, and defendant filed an amendment to his RJA MAR on 30 August 2012. The General Assembly repealed the RJA on 19 June 2013. S.L. 2013-154 § 5(a), 2013 N.C. Sess. Laws 368, 372. On 3 December 2013, defendant filed a second amendment to his RJA MAR (Amended RJA MAR). After the State filed a motion to dismiss and a motion for judgment on the pleadings, the trial court dismissed and denied as being without merit defendant's claims under the RJA MAR and defendant's August 2012 amendments to the RJA MAR on 3 June 2014. On 31 July 2014, the trial court dismissed the claims asserted in defendant's Amended RJA MAR as procedurally barred and, in the alternative, denied defendant's claims as being without merit. Defendant appeals from both orders.

For the reasons articulated in *State v. Ramseur*, No. 388A10 (N.C. Jun. 5, 2020), we vacate the orders of the trial court and remand for further proceedings not inconsistent with this opinion and our opinion in *Ramseur*. The trial court concluded that the claims in defendant's RJA MAR and Amended RJA MAR were void due to the repeal of the RJA. However, the RJA repeal was unconstitutional under both the North Carolina Constitution and the Federal Constitution as applied to defendant and others similarly situated. Further, the General Assembly's amended RJA, enacted in 2012, can only be applied to defendant insofar as it affects the procedural aspects of the adjudication of his claims. As a result, the evidentiary provisions contained in the original, unamended RJA apply to the adjudication of defendant's RJA claims.

The trial court also concluded, in the alternative, that the claims in defendant's RJA MAR and Amended RJA MAR were without merit and procedurally barred. The alleged procedural bars are negated by the language of the RJA. *See* North Carolina Racial Justice Act, S.L. 2009-464, § 1, 2009 N.C. Sess. Laws 1213, 1215 (codified at N.C.G.S. § 15A-2012(b) (repealed 2012) ("Notwithstanding any other provision or time limitation contained in Article 89 of Chapter 15A of the General Statutes, a defendant may seek relief from the defendant's death sentence upon the ground that racial considerations played a significant part in the decision to seek or impose a death sentence by filing motion seeking relief.").

As to the merits of defendant's claims, the trial court abused its discretion by summarily denying the claims without an evidentiary hearing. *See State v. McHone*, 348 N.C. 254, 258, 499 S.E.2d 761, 763 (1998) ("Under subsection (c)(4), read *in pari materia* with subsections (c)(1), (c)(2), and (c)(3), an evidentiary hearing is required unless the motion presents assertions of fact which will entitle the defendant to no relief even if resolved in his favor, or the motion presents only questions of law, or the motion is made pursuant to N.C.G.S. § 15A-1414 within ten days after entry of judgment."). To support each of his claims, defendant presented evidence that race was a significant factor in jury selection, sentencing, and capital charging decisions in the relevant jurisdictions at the time of his trial and sentencing. Defendant cited several statistical studies, including an extensive statistical study of capital charging, sentencing, and jury selection in North Carolina which was conducted by professors at Michigan State University College of Law. Defendant also cited that study's underlying data. Defendant cited to and analyzed data from voir dire transcripts and juror questionnaires from capital cases in his prosecutorial district. He also pointed to expert testimony and anecdotal evidence that was presented and considered in another RJA case, *State v. Robinson*. *See State v. Robinson*, No. 411A94 (N.C. argued Aug. 26, 2019). Further, defendant pointed to evidence of race-based strikes during jury selection in his own case and alleged that the State offered pretextual reasons that were also used by the same office in connection with other litigation. In light of

the evidence and arguments presented by defendant, the trial court's denial of his claims without a hearing was an abuse of discretion.

Consistent with our decision in *Ramseur*, we conclude that the RJA repeal and the 2012 amendments altering the evidentiary requirements for an RJA claim cannot be constitutionally applied in defendant's case. We also conclude that the trial court erred in ruling that defendant's claims lacked merit and were procedurally barred and erred by denying his RJA claims without a hearing. We remand for further proceedings not inconsistent with this opinion.

VACATED AND REMANDED.

Justice ERVIN did not participate in the consideration or decision of this case.

Justice NEWBY dissenting.

In January 1992, in cold blood in front of three eye witnesses, defendant shot and killed the victim, Timothy Morrison, because Morrison had testified against him in an earlier murder case. *State v. Burke*, 343 N.C. 129, 137–38, 469 S.E.2d 901, 904–05 (1996). The jury found defendant guilty of first-degree murder. In the sentencing phase the jury found that there were two statutory aggravating factors: that defendant had previously committed a violent offense and that he murdered someone who was a former witness against him. The jury sentenced defendant to death. Defendant appealed his conviction and sentence to this Court. After extensive review, this Court upheld defendant's conviction and sentence, concluding that no prejudicial error occurred and that the trial court properly imposed the death penalty. *Id.* at 163, 469 S.E.2d at 919.

Subsequently, defendant challenged his murder conviction by filing a Motion for Appropriate Relief (MAR) initially in 1997, amended in 2002, and amended again several times thereafter. The trial court ultimately denied defendant's MAR in 2011, and this Court denied further review of the trial court's decision in 2012.

In the interim, on 6 August 2010, defendant filed a second MAR, this time pursuant to the North Carolina Racial Justice Act (RJA). After the General Assembly amended the RJA in June 2012, defendant filed an amendment to his RJA MAR on 30 August 2012 (first amendment to defendant's RJA MAR). On 19 June 2013, the General Assembly repealed the RJA. S.L. 2013-154, § 5(a), 2013 N.C. Sess. Laws 368, 372. After the State moved to dismiss defendant's RJA claims, defendant filed

another amendment to his RJA MAR in December 2013 (second amendment to defendant's RJA MAR), raising additional constitutional claims not previously litigated.

Ultimately on 3 June 2014, the trial court dismissed, and in the alternative denied as being without merit, defendant's original RJA MAR and the first amendment to his RJA MAR. Subsequently, on 31 July 2014, the trial court also dismissed, and in the alternative denied as being without merit, defendant's second amendment to his RJA MAR. Defendant now appeals both of the trial court's orders denying relief.

This Court now reinstates defendant's RJA claims that the trial court previously dismissed and denied. For the reasons stated in the dissenting opinion in *State v. Ramseur*, No. 388A10 (N.C. June 5, 2020), I respectfully dissent.