IN THE SUPREME COURT OF NORTH CAROLINA

No. 202PA22

Filed 22 March 2024

STATE OF NORTH CAROLINA

v.

KENNETH LOUIS WALKER

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review a unanimous, unpublished opinion of the Court of Appeals, No. COA21-535 (N.C. Ct. App. June 7, 2022), affirming an order entered on 8 April 2020 by Judge Paul C. Ridgeway in Superior Court, Wake County, denying defendant's motion for appropriate relief. Heard in the Supreme Court on 1 November 2023.

*Joshua H. Stein, Attorney General, by Benjamin Szany, Assistant Attorney General, for the State-appellee.*

*Glenn Gerding, Appellate Defender, by Katy Dickinson-Schultz, Assistant Appellate Defender, for defendant-appellant.*

BARRINGER, Justice.

In this case, we are tasked with determining whether the Court of Appeals properly dispensed with defendant's ineffective assistance of counsel claim and motion for appropriate relief (MAR). For the following reasons, we affirm.

## I.    Background

On 22 October 1999, defendant was convicted of first-degree murder and sentenced to life imprisonment without parole. On appeal, defendant's attorney filed

an *Anders* brief, *see Anders v. California*, 386 U.S. 738 (1967), and the Court of Appeals found no error at trial.

Over two decades later, defendant filed a pro se MAR on 1 April 2020. Defendant raised, for the first time, that his trial counsel had not informed him of his right to testify, denied him the opportunity to testify, and prevented him from testifying despite defendant's desire to do so. Defendant also claimed that the trial court erred in limiting the testimony of defendant's expert witness, a forensic psychiatrist. Further, he alleged he had been denied effective assistance of appellate counsel because his counsel filed an *Anders* brief. The trial court denied the MAR because defendant had "not shown that he was unable, at the time of his appeal, to raise the issues he now raises in his present [MAR]."

The Court of Appeals reviewed the trial court's order to determine "whether the findings of fact are supported by evidence, whether the findings of fact support the conclusions of law, and whether the conclusions of law support the order entered by the trial court." *State v. Walker*, No. COA21-535, slip op. at 4 (N.C. Ct. App. June 7, 2022) (unpublished) (quoting *State v. Peterson*, 228 N.C. App. 339, 343 (2013)); *see also State v. Stevens*, 305 N.C. 712, 720 (1982). However, when it recounted the standard of review for an MAR, the Court of Appeals failed to state that review is "in the light most favorable to [defendant]," which was first established in an opinion of this Court published in August 2021. *See State v. Allen*, 378 N.C. 286, 296 (2021).

## II.   Standard of Review

Questions of law are reviewed de novo. *State v. Thomsen*, 369 N.C. 22, 24 (2016). In *Allen*, this Court established that the factual allegations contained in a defendant's MAR should be reviewed "in the light most favorable to [defendant]." 378 N.C. at 296. Under *Allen*, for the first time in our jurisprudential history, MARs were to be read in the light most favorable to defendants. We now return to the standard of review which existed prior to *Allen*—that of statutory review pursuant to N.C.G.S. § 15A-1420(c). *Id.* at 324 (Berger, J., dissenting).

Reviewing a defendant's asserted grounds for relief in the light most favorable to defendant is a departure from this Court's longstanding standard of review. *See, e.g., State v. McHone*, 348 N.C. 254 (1998); *State v. Stevens*, 305 N.C. 712 (1982); *Branch v. State*, 269 N.C. 642 (1967); *State v. Graves*, 251 N.C. 550 (1960); *Miller v. State*, 237 N.C. 29, *cert. denied*, 345 U.S. 930 (1953). The mere fact that some ground for relief is asserted does not entitle defendant to a hearing or to present evidence. *McHone*, 348 N.C. at 256. An MAR court need not conduct an evidentiary hearing if a defendant's MAR offers insufficient evidence to support his claim or only asserts general allegations and speculation. N.C.G.S. § 15A-1420 (2023); *see State v. Harris*, 338 N.C. 129, 143 (1994), *cert. denied*, 514 U.S. 1100 (1995).

Although the dissent argues that we are overruling a standard which *Allen* did not prescribe, the Court of Appeals has expressed uncertainty on how to approach *Allen*. In *State v. Ballard*, for example, the concurrence voiced concern over the "novel

precedent set out in *Allen*." 283 N.C. App. 236, 250 (2022) (Griffin, J., concurring). The concurrence further wrote that *Allen* is not supported by our jurisprudence nor the text of the North Carolina General Statutes. *Id.* The holding in *Allen* "clearly frustrates the plain language of the statute, takes away discretion from our trial judges, and shows a need for our Supreme Court to revisit its holding." *Id.* Despite the arguments made by our dissenting colleagues, the Court of Appeals has highlighted the continuing issues caused by *Allen*. We now correct these issues.

In the present case, defendant made ineffective assistance of counsel allegations against both his trial and appellate counsel. The right to effective assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution. *State v. Braswell*, 312 N.C. 553, 561 (1985). When asserting that counsel is ineffective, defendant must show that their counsel fell "below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To do so, defendant must first show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* "Thus, both deficient performance and prejudice are required for a successful ineffective assistance of counsel claim." *State v. Todd*, 369 N.C. 707, 711 (2017).

### III.    Analysis

Defendant argues that his trial counsel refused to allow him to testify, despite

his desire to testify. However, the record does not support defendant's argument. Defendant knew of his right to testify, as evidenced by the trial court's colloquy with defendant.

> THE COURT: [Defendant], do you understand, sir, you have the right to remain silent, you don't need to make any statement at this point.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you understand that you're charged here today with first degree murder allegedly occurring on November 14, 1998, in which you were charged with malice . . . [a]forethought, premeditation, murdering one Stephanie V. Keith. Do you understand that you're charged with that, sir?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: State is calling this as a first degree murder case.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Your attorneys advised me, sir, that they don't intend to contest certain aspects of that charge; that is to say they anticipate that they would not contest that decedent Ms. Keith was, in fact, shot by you and that she died as a result thereof. Have they discussed that with you prior to trial?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you understand that they don't want to contest those two aspects on your behalf.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: That is, they're not pleading guilty to any particular offense at this point on your behalf, but they don't intend to contest the fact that she was shot and that

you were the person that shot her. Have they discussed that with you, sir?

THE DEFENDANT: Yes, sir.

THE COURT: Have you given them your specific permission to do that during the course of the trial?

THE DEFENDANT: Yes, sir.

THE COURT: Any other questions or concerns about that issue at this point?

THE DEFENDANT: No, sir.

THE COURT: All right. Be seated.

Contrary to his arguments to this Court, defendant stated, through counsel, to the trial court that he "ha[d] not made a decision yet on whether [he] will testify or not." At no point during trial did defendant indicate he wished to testify.

The only suggestion that defendant wished to testify is contained within defendant's MAR. Furthermore, nothing in the record supports defendant's argument. Defendant has not shown that he intended to testify at trial nor that his trial counsel's conduct fell below an objective standard of reasonableness. Accordingly, he has failed to meet his burden. The Court of Appeals correctly determined that defendant's ineffective assistance of trial counsel claim is without merit.

Defendant further contends that his appellate counsel was ineffective for failing to challenge the trial court's limitation on defendant's forensic psychologist expert witness, Dr. Holly Rogers. In advancing this argument, defendant filed a

Motion to Take Judicial Notice, requesting this Court take judicial notice of the prior appellate filings in his case. Judicial notice of the appellate filings is proper, and therefore, defendant's motion is allowed. *See In re McLean Trucking Co.*, 285 N.C. 552, 557 (1974); N.C.G.S. § 8C-1, Rule 201 (2023).

An expert may not "testify to a particular legal conclusion or that a legal standard has or has not been met." *State v. Fisher*, 336 N.C. 684, 703–04 (1994). The trial court's ruling on whether expert testimony shall be admitted "will not be reversed on appeal absent a showing of abuse of discretion." *E.g., State v. McGrady*, 368 N.C. 880, 893 (2016) (quoting *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 458 (2004)).

In this case, the trial court prohibited Dr. Rogers from using legal terminology in her testimony. *See Fisher*, 336 N.C. at 703–04. However, the trial court allowed Dr. Rogers to testify about defendant's

> major depressive disorder, that he was vulnerable to intense emotion and loss of control. And that because of this depressive disorder . . . it [a]ffected his ability to carry out or make plans to commit murder, or it inhibited his ability to reflect on his actions in a meaningful way. And . . . she can testify that it contributed to or [a]ffected his ability to create a plan or scheme to commit or carry out a murder.

The trial court's limitations on Dr. Rogers' testimony were permissible, as it restricted her use of legal terminology. Accordingly, defendant's MAR did not demonstrate the trial court abused its discretion in limiting Dr. Rogers' testimony. As such, defendant's appellate counsel was not deficient and did not prejudice

defendant by failing to raise the issue on appeal. Thus, defendant's allegations of ineffective assistance of appellate counsel are without merit.

## IV.    Conclusion

The Court of Appeals properly dispensed with defendant's ineffective assistance of counsel claims and MAR. Accordingly, we affirm the Court of Appeals' opinion.

AFFIRMED.

Justice BERGER concurring.

I concur in the majority opinion but write separately because the question arises here whether we should follow the plain language of the post-conviction statutes and our precedent in *State v. McHone*, 348 N.C. 254 (1998), or the recently decided case of *State v. Allen*, 378 N.C. 286 (2021).

This Court has long understood the extent to which prior decisions may bind future courts. While some distinction has been made for cases involving property and contractual rights not relevant here, in *State v. Ballance*, 299 N.C. 764 (1949), we stated that

> [i]n adjudicating a case, a court is not concerned with what the law ought to be, but its function is to declare what the law is. Moreover, the law must be characterized by stability if men are to resort to it for rules of conduct. These considerations have brought forth the salutary doctrine of *stare decisis* which proclaims, in effect, that where a principle of law has become settled *by a series of decisions*, it is binding on the courts and should be followed in similar cases.

*Id.* 767 (second emphasis added).

Justice Ervin authored the opinion for the Court in *Ballance*, and he noted that precedential value may be lacking where this Court is "confronted by a single case which is much weakened as an authoritative precedent by a [strong and well-reasoned] dissenting opinion." *Id.*, *See also Sidney Spitzer & Co. v. Commissioners of Franklin Cnty.*, 188 N.C. 30, 123 (1924) (when the Court is "presented with *a single*

*decision*, which we believe to have been inadvisedly made, it is incumbent on us to overrule it, if we entertain a different opinion.") (cleaned up) (emphasis added). Put another way, an isolated holding may be persuasive, but it is not binding, especially when met with a sound dissent. Such is the case here.

My dissent in *State v. Allen*, 378 N.C. 286 (2021), joined by two of my colleagues, addressed several very real concerns with the Court's reasoning in that case. The Court in *Allen* set its thumb upon the scales when it declared for the first time that post-conviction evidentiary matters must be viewed in the light most favorable to the defendant. *Id.* at 296. With this novel approach, the majority gratuitously injected merit into any post-conviction claim that a defendant could imagine. After all, a defendant's factual assertions are deemed by *Allen* to be true in every circumstance.

But *Allen* is an isolated opinion which is not grounded in the plain language of our post-conviction statutes or our case law interpreting the same. Point after point in the dissent was met with silence from the majority, save and except an assertion in a footnote concerning the procedural posture in *State v. McHone* 348 N.C. 254 (1998), and a comment in another footnote concerning the experience level of Allen's trial counsel. *Id.* at 297, n. 5, 301 n. 6. The conspicuous absence of a cogent rebuttal underscores the soundness of the positions taken in my dissent.

Now, however, it is suggested that the Court's application of the plain language of N.C.G.S. § 15A-1420 and our precedent in *McHone* is somehow improper. But, as

Justice Ervin emphasized, "the doctrine of *stare decisis* will not be applied in any event to preserve and perpetuate error and grievous wrong." *Ballance* at 229 N.C. at 767. *See also Patterson v. McCormick*, 177 N.C. 448 (1919) ("The rule of *stare decisis* cannot be applied to perpetuate error."). *Allen* was a grievous wrong, and we appropriately correct course with our opinion today.

Justice EARLS concurring in part and dissenting in part.

I agree with the Court that Mr. Walker's motion for appropriate relief (MAR) lacked the factual support required for an evidentiary hearing. I disagree, however, with the majority's purported and gratuitous reversal of *State v. Allen*, 378 N.C. 286 (2021), in discussing the standard of review.

Despite the majority's framing, *Allen* was not some ahistorical aberration from long-settled law. Just the opposite. In that case, this Court interpreted N.C.G.S. § 15A-1420 to explain when an MAR court must hold an evidentiary hearing. Under that statute, a defendant who files an "MAR within the appropriate time period 'is entitled to a hearing on questions of law or fact arising from the motion and any supporting or opposing information presented unless the court determines that the motion is without merit.' " *Allen*, 378 N.C. at 296 (quoting N.C.G.S. § 15A-1420(c)(1) (2019)). The question for the court is "whether an evidentiary hearing is required to resolve questions of fact." *Id.* (cleaned up); *see* N.C.G.S. § 15A-1420(c)(1) (2023). That is because a court *must* decide an MAR "without an evidentiary hearing," when the "motion and supporting and opposing information" raise "only questions of law." *Allen*, 378 N.C. at 296 (cleaned up). By contrast, if the "court cannot rule upon the motion without the hearing of evidence," it must hold that hearing and find facts. N.C.G.S. § 15A-1420(c)(4) (2023).

In construing those provisions, *Allen* did not sail in uncharted waters. This

Court's decision in *State v. McHone*, 348 N.C. 254 (1998)—the very case the majority

cites—applied the statute to evidentiary hearings:

> Under subsection (c)(4), read *in pari materia* with
> subsections (c)(1), (c)(2), and (c)(3), an evidentiary hearing
> is required unless the motion presents assertions of fact
> which will entitle the defendant to no relief *even if resolved
> in his favor* . . . .

*Id.* at 258 (second emphasis added).

    *Allen* thus explained that MAR courts "are obligated to conduct an evidentiary

hearing to resolve any disputed facts unless" the motion presents assertions of fact

which will entitle the defendant to no relief even if resolved in his favor. *Allen*, 378

N.C. at 296 (citing *McHone*, 348 N.C. at 257). So when a court summarily dismisses

an MAR without a hearing, we review that decision by asking whether the evidence

in the record and MAR—"considered in the light most favorable to [the defendant]"—

would "if ultimately proven true, entitle him to relief." *Id.* (citing *McHone*, 348 N.C.

at 258). Put another way, an evidentiary hearing is required if an MAR's "factual

allegations would entitle the defendant to relief if true" and the "filings provide some

evidentiary basis for the allegations." *Id.* at 297. In that case, a court must "determine

the facts necessary to resolve the claim on its merits." *Id.*

    Rather than confront *Allen* head-on, the majority constructs a strawman. As

the majority tells it, that decision required MAR courts to review "a defendant's

asserted grounds for relief in the light most favorable to defendant." *Allen*, however,

did no such thing. As explained above, *Allen* examined when an evidentiary hearing

is required to resolve an MAR. We did not prescribe how courts should weigh a defendant's "asserted grounds for relief," as the majority would have it. *Allen* instead focused attention on the "evidence contained in the record and presented in [the defendant's] MAR." *Allen*, 378 N.C. at 296. Only those factual allegations are viewed in the defendant's favor and only "when making the initial determination as to whether the facts alleged by the defendant would entitle the defendant to relief if proven true." *Id.* at 297 n.4. In fact, *Allen* took pains to explain its scope, cautioning that "[n]othing in this opinion alters the undisputed premise that the defendant ultimately bears the burden of proving by a preponderance of the evidence the existence of the asserted grounds for relief." *Id.* (cleaned up). The majority thus criticizes *Allen* for something it did not say and overrules a standard *Allen* did not prescribe. And in all events, *Allen* did not work the sea change the majority wrings from it or conjure up a novel standard. Instead, it moored its holding in the text of Section 15A-1420 and our precedent interpreting it. That remains true, even if the dissent in that case disagreed.

Reversing our precedent is also gratuitous. Here, the parties did not dispute *Allen*'s vitality or ask us to revisit it. And overturning that decision is as unnecessary as it is unexamined. The Court unanimously agrees that Mr. Walker's MAR lacks the evidentiary support needed for a hearing. Whether or not we view the evidence in Mr. Walker's favor, the outcome is the same. For that reason, I see no need to reach out, misrepresent a precedent, and then needlessly reverse it. Indeed, that holding is mere

dicta and should be treated as such.

Justice RIGGS joins in this concurring in part and dissenting in part opinion.