IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-943

Filed 3 June 2026

Randolph County, No. 24CR000029-750

STATE OF NORTH CAROLINA

v.

JAMES EVERETTE HANEY

Appeal by defendant from judgment entered 18 March 2025 by Judge James P. Hill, Jr. in Randolph County Superior Court. Heard in the Court of Appeals 20 May 2026.

*Attorney General Jeff Jackson by Assistant Attorney General Dilcy Burton, for the State.*

*Appellate Defender Glenn Gerding by Assistant Appellate Defender Heidi E. Reiner, for the defendant-appellant.*

TYSON, Judge.

James Everette Haney ("Defendant") appeals from the trial court's order revoking his probation and activating his suspended sentence. We vacate and remand for a new probation revocation hearing.

## I. Background

Defendant pled guilty to one count of possession of methamphetamine and one count of possession of heroin on 2 August 2023. Those charges were consolidated for sentencing, and Defendant was sentenced to ten to twenty-one months' of imprisonment. That sentence was suspended, and Defendant was placed on

supervised probation for twenty-four (24) months.

On 11 December 2024, Defendant's probation officer filed a violation report, which alleged he had violated the terms of his probation by: (1) failing to report for a scheduled probation appointment on 10 December 2024; (2) failing to notify his probation officer of a new address after he cut off his electronic monitoring bracelet and left his known address; and, (3) committing a new criminal offense by cutting off his electronic monitoring bracelet.

Defendant's probation officer filed an addendum to the violation report on 20 December 2024, which additionally alleged Defendant's residence was not approved by his probation officer, his failure to report for another scheduled probation appointment on 19 December 2024, and he had left his last known address without providing notice of his new address. Defendant's probation officer filed a second addendum to the violation report on 8 January 2025, which alleged Defendant had absconded and failed to report for a third scheduled probation appointment on 31 December 2024.

At the 18 March 2025 probation revocation hearing, Defendant, through counsel, admitted all allegations in the violation report and addendums, except for the commission of a new criminal offense by cutting off his electronic monitoring bracelet. The hearing transcript reflects this admission:

> MS. ALLEN [Prosecutor]: Mr. Davis, does Mr. Haney admit that he willfully violated the terms and conditions of his probation, sir?

MR. DAVIS [Defense Counsel]: He admits to the bracelet, but not to the current charges, the pending charges.

MS. ALLEN: I believe in this particular case since the officer – You're the witness, right? We won't proceed with that violation, but do you admit to the willful violation of the remaining?

MR. DAVIS: Right. Yes.

MS. ALLEN: Thank you.

THE COURT: Is that on all three reports?

MS. ALLEN: So, they're on all three reports.

THE COURT: Is the defendant admitting to all the other allegations in all three reports?

MR. DAVIS: That's correct, Your Honor.

Following the admissions, Defendant's probation officer recited from the violation report and addendums and recommended probation be revoked. She stated Defendant was located and arrested on 10 January 2025, two days after the final addendum was filed, and since that time "[h]e's been doing well. He came in as directed for his January drug screen since then."

The trial court revoked Defendant's probation and activated a reduced sentence of eight to nineteen months' incarceration. The trial court's order states, "the defendant waived a violation hearing and admitted that he/she violated each of the conditions of his/her probation as set forth below," recording the conditions violated as all the allegations in the violation report and addendums, except for the

third count on the 11 December 2024 violation report of committing a new criminal offense by cutting off his electronic monitoring bracelet.

The trial court entered a written AOC form CR-607 JUDGMENT AND COMMITMENT UPON REVOCATION OF PROBATION-FELONY, which stated Defendant had admitted to the probation violations. The court's acceptance of Defendant's admission to the absconding allegation permitted the court to "revoke defendant's probation . . . for the willful violation of the condition . . . that he/she not . . . abscond from supervision, G.S. 15A-1343(b)(3a)." N.C. Gen. Stat. 15A-1343(b)(3a)(2025).

Near the conclusion of the hearing, Defendant addressed the court concerning his counsel as follows:

> Me, myself, personally, I didn't plead guilty to none of this because he didn't, I hadn't even talked to him. He hasn't talked to me about none of this case. So to me, he's not doing what he's supposed to to [sic] represent me; and I want him to be removed from my case and get appointed another lawyer or hire one.

The court responded to Defendant, saying "Thank you, sir. . . . Good luck to you, sir." Defendant was taken into custody and immediately removed from the courtroom.

Defendant's fiancé subsequently informed the prosecutor Defendant wished to enter notice of appeal from the revocation of his probation. On 4 April 2025, Defendant was transported from prison and brought before the trial court to enter notice of appeal. Defendant was permitted to enter notice of appeal, the trial made

appellate entries, and appointed the Office of the Appellate Defender to represent him.

## II.    Issue

Defendant argues he received *per se* ineffective assistance of counsel and is entitled to a new probation revocation hearing on the grounds his trial counsel had admitted the allegation of absconding to activate his sentence without his prior knowledge or authorization.

## III.    Jurisdiction

Defendant has filed a petition for writ of *certiorari* contemporaneously with his appeal, which seeks to have this Court issue the writ to review the merits of his appeal despite his untimely notice of appeal.  *See* N.C. R. App. P. Rule 21(a)(1) (This Court may issue its writ of *certiorari* to hear an appeal where the right to appeal has been lost for failure to enter timely notice of appeal.)

Rule 4 of the North Carolina Rules of Appellate Procedure requires notice of appeal to be entered orally at trial or by filing written notice with the clerk of the superior court within fourteen days of entry of judgment.  N.C. R. App. P. 4(a) (2025). Here, judgment was entered on 18 March 2025, and Defendant gave oral notice of appeal on 4 April 2025.  Defendant's notice of appeal is untimely and fails to comply with Rule 4(a).  *Id.*

A writ of *certiorari* may be "issued in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals when the right to prosecute an

appeal has been lost by failure to take timely action." N.C. R. App. P. 21(a)(1). A defective notice of appeal "should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be *fairly inferred* from the notice and the appellee is not misled by the mistake." *Phelps Staffing, LLC v. S.C. Phelps, Inc.*, 217 N.C. App. 403, 410, 720 S.E.2d 785, 791 (2011) (citation and quotation marks omitted).

Here, "the State has not advanced any allegations tending to show it has been delayed, misled, or prejudiced by Defendant's defective notice of appeal." *State v. Pierce*, 295 N.C. App. 556, 558, 906 S.E.2d 530, 532 (2024), *review denied*, 912 S.E.2d 827 (N.C. 2025). The record shows the State assisted to facilitate the entry of Defendant's insufficient notice of appeal and appointment of appellate counsel. In our discretion, this Court grants Defendant's petition for writ of *certiorari* to invoke its jurisdiction and review Defendant's appeal on the merits.

This Court has jurisdiction to review the order revoking Defendant's probation pursuant to the issuance of the writ of *certiorari*. N.C. Gen. Stat. §§ 7A-27; 15A-1347 (2025); N.C. R. App. P. 21(a)(1).

## IV. Standard of Review

This Court generally reviews a trial court's revocation of probation for abuse of discretion. *State v. Young*, 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008) (citations omitted) ("The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion.").

- 6 -

The standard of proof at a probation revocation hearing is "the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. Judicial discretion implies conscientious judgment, not arbitrary or willful action. It takes account of the law and the particular circumstances of the case, and 'is directed by the reason and conscience of the judge to a just result.'" *State v. Hewett*, 270 N.C. 348, 353, 154 S.E.2d 476, 480 (1967) (citations omitted).

## V.    Abuse of Discretion

After defense counsel had purportedly admitted to the probation violations, Defendant stated to the court he did not consent to the admission of the violations and did not consult with counsel about his purported decision to admit the violations. He stated he had not even spoken to trial counsel. Defendant requested the appointment of new counsel. The trial court did not acknowledge Defendant's claim, and simply stated "Thank you, sir. . . . Good luck to you, sir."

"[A] probationer is entitled to be represented by counsel at the [probation revocation] hearing and, if indigent, to have counsel appointed . . . ." N.C. Gen. Stat. § 15A-1345(e) (2025). "A defendant's right to counsel includes the right to the effective assistance of counsel." *State v. Braswell*, 312 N.C. 553, 561, 324 S.E.2d 241, 247 (1985) (citations omitted).

Defendant's claim of ineffective assistance of counsel during the hearing raised

questions, even if made in response to an unexpected outcome. The lack of further inquiry from the bench, coupled with defense counsel's lack of response on the record to Defendant's claims, is troubling.

Defendant claimed he had not admitted to the violations, had not given his attorney permission to admit the violations, and had not even spoken to his attorney. The court committed an error of law and abused its discretion by finding Defendant had freely and knowingly admitted to alleged violations of the conditions of his probation, failing to conduct any further inquiry into Defendant's allegations, and activating Defendant's suspended sentences.

Due process is satisfied only with "a waiver of the presentation of the State's evidence by an in-court admission of the willful or without lawful excuse violation as contained in the written notice (or report) of violation," *State v. Williamson*, 61 N.C. App. 531, 533, 301 S.E.2d 423, 425 (1983).

The only evidence presented at the revocation hearing were the violation reports and a brief recitation by the probation officer affirming which of the numbered violation report allegations were being purportedly admitted to by Defendant through counsel. The State asked a single question, inquiring about the probation officer's opinion on revocation. Defendant's counsel asked the officer four questions relating only to Defendant's behavior and compliance after the violation reports as amended had been filed.

When defense counsel admitted the violations, and Defendant stated he was

not admitting to the violations, it was an error of law and consequently an abuse of discretion for the trial court to continue and enter judgment. The appropriate course of action would have been for the trial court to make inquiry into Defendant's claim about his attorney to ensure Defendant had received effective assistance of counsel, and he was freely and knowingly admitting the probation violations. *Id*. at 533, 301 S.E.2d at 425.

## VI. Conclusion

The trial court committed an error of law and consequently abused its discretion in conducting the probation revocation hearing and activating Defendant's suspended sentence. We reverse, vacate the judgment, and remand to the trial court.

In light of our holding, we do not reach the merits of Defendant's argument asserting he received *per se* ineffective assistance of counsel. We note the cold record does not provide sufficient information or evidence for this Court to make a determination on that claim because the trial court did not acknowledge or inquire into Defendant's claim. We also do not consider or review the sufficiency of the State's allegations of violations to warrant revocation, which are not before us.

This Court reiterates our Supreme Court's advice to "both the bar and the trial bench to be diligent in making a full record of a defendant's consent when a *Harbison* [*per se* ineffective assistance of counsel] issue arises at trial." *State v. House*, 340 N.C. 187, 197, 456 S.E.2d 292, 297 (1995). *It is so ordered.*

VACATED AND REMANDED FOR NEW HEARING.

Judge ARROWOOD concurs.

Judge GRIFFIN dissents with separate opinion.

GRIFFIN, Judge, dissenting.

I respectfully dissent from the majority's decision to allow Defendant's PWC.

As the majority states, Rule 4 of the North Carolina Rules of Appellate Procedure mandates a criminal defendant appeal from a judgment in their case by either (1) "giving oral notice of appeal at trial," or (2) filing a written notice of appeal within fourteen days of entry of the judgment. N.C. R. App. P. 4(a). "The North Carolina Rules of Appellate Procedure are mandatory and 'failure to follow these rules will subject an appeal to dismissal.'" *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 401, 610 S.E.2d 360, 360 (2005) (citation omitted). This Court may avoid dismissal of an appeal by issuing writ of certiorari to review an appeal "lost by failure to take timely action." N.C. R. App. P. 21(a)(1). Though the decision to allow a defendant's PWC and review an untimely appeal ultimately "rests in the sound discretion of the presiding court," our Courts appropriately issue the writ where (1) "the petitioner can show merit or that error was probably committed below," and (2) "there are extraordinary circumstances to justify it." *Cryan v. Nat'l Council of Young Men's Christian Ass'ns of United States*, 384 N.C. 569, 572–73, 887 S.E.2d 848, 851 (2023) (citation modified).

Here, the trial court entered judgment revoking Defendant's probation on 18 March 2025. Defendant did not give "oral notice of appeal at [the revocation hearing]," as allowed under Rule 4(a)(1). Defendant gave oral notice of appeal seventeen days later on 4 April 2025, outside the fourteen-day window allowed by

and in a manner incompliant with Rule 4(a)(2). Defendant's notice of appeal does not comply with the timeliness or the method requirements of Rule 4. Defendant's PWC does not show his appeal has merit or that the trial court erred in the probation revocation hearing. Likewise, I cannot hold extraordinary circumstances exist to justify issuance of the writ in this case. I would deny Defendant's PWC and dismiss the appeal.